No. 91.—GEORGE W. ROGERS, plaintiff in error, *vs.* McDILL &
CAMPBELL, defendants in error.

[1.] *Land* cannot be levied on and sold under an order of the Magistrates,
in attachments returnable to Justice's Courts. It must be by virtue of an ex-
ecution issuing upon the judgment in attachment.

Claim, in Forsyth Superior Court.    Tried before Judge JOHN
H. LUMPKIN, February Term, 1845.          .

The record in this case disclosed the following facts :   Sun-
dry attachments had been issued from a Justice's Court in For-
syth County, against one Seaborn Corderey, in favor of different
creditors.   The Justice's Court had given judgment thereon, and
*passed an order* that the property attached, which consisted both
of land and personalty, should be sold to satisfy the attachments.
The personal property was sold accordingly ; the land was claim-
ed by Rogers, the plaintiff in error, and the claim was returned
to the Superior Court, together with all the attachments levied.
    In the Superior Court, the attaching creditors agreed with the
claimant, that the result of one of the cases in favor of one Shel-
ton, should control them all.    The case of Shelton was tried, and
the Jury found for the claimant.    Shelton did not appeal, but
McDill and Campbell, the defendants in error, who had entered
into the agreement aforesaid, entered an appeal on the minutes,
in their case, in which there had been no verdict nor confession.
On the trial of the appeal, claimant moved to dismiss the appeal,
because it had not been entered within four days, as required by
law, although the appeal on the minutes bore date within the time,
and offered to introduce the Clerk to prove that the appeal bond
had not really been signed on the day when it bore date, but
several days thereafter.    The evidence was rejected by the Court,
and the motion overruled, on the ground that the appeal and
bond were of record and could not be contradicted by parol.
Plaintiffs then moved to dismiss the claim, because it had been
interposed after judgment on the attachment, and after the order
of the Justice's Court had been passed, directing the property to

be sold.   Before this motion was determined, claimant moved to suspend the same, and allow him to move again to dismiss the appeal, on the ground that there had been no verdict or confession to be appealed from.   The Court refused the motion of claimant and granted the motion of the plaintiff in *fi. fa.* dismissing the claim.

To which decisions claimant excepted.

No one appearing for defendant in error, the plaintiff was allowed to proceed *ex parte.*

AKIN, LEWIS & MARTIN, for plaintiff in error.

*By the Court.*—LUMPKIN, J. delivering the opinion.

Upon examining this record, we find it unnecessary to decide any of the questions made in the bill of exceptions.

[1.] There is no authority of law to sell land by an order of the Magistrates, under attachment returnable to Justice's Courts. It can only be done under an execution, issuing upon the judgment in attachment.   *Prince,* 503--'4.   The levies, therefore, in this case, are illegal, having been made by virtue of a void process.   Should the property be condemned and sold, the title would not be divested, and the purchaser would take nothing. It is useless for the litigation to continue ; and with this view of the subject, we shall remand the cause, with instruction to dismiss the levies.   The parties plaintiff must proceed, *de novo,* in the primary Court.

Whether a claim can be interposed in attachment, after judgment has been rendered, or the property ordered to sale, we will postpone for future investigation.

*Judgment reversed.*