SIMON F. LASSITER, sheriff, for use, plaintiff in error, *vs.* BYRD & COKER *et al.*, defendants in error.

(BLECKLEY, Judge, having been of counsel, did not preside in this case.)

Whilst the general rule is that after a claim is dismissed and the *fi. fi.* ordered to proceed, the property must be re-advertised for sale, yet when the claimant gave the forthcoming bond and sold and appropriated the cotton levied on, and thus put it out of his power to deliver it, such act dispenses with the advertisement and is a breach of his bond.

Bonds. Advertisement. Claim. Sheriff. Before Judge HOPKINS. Fulton Superior Court. October Term, 1875.

Reported in the opinion.

B. H. HILL & SON, by RICHARD H. CLARK, for plaintiff in error.

HILLYER & BROTHER, for defendants.

Thornton *vs*. Wilson.

JACKSON, Judge.

This was a suit on a claim forthcoming bond ; Byrd & Coker were the claimants. They gave bond and took possession of the cotton levied. Pending the claim they sent the cotton to New York, and sold it and appropriated the proceeds to their own use. The claim was dismissed and the *fi. fa.* ordered to proceed. No new advertisement of the cotton for sale was made. The court below awarded a non-suit because there was no subsequent or second advertisement, and this is the error complained of.

As a general rule there must be a new advertisement of the property levied on, to give the claimant who made the forthcoming bond an opportunity to deliver it; but in a case like this where the claimant has sold and appropriated the property, and it is cotton or other perishable personalty, there can be no necessity or reason for the advertisement, because the claimant put it out of his own power to deliver, by selling it. "*Ratione cessante, cessat et ipsa lex.*" We therefore hold that this bond was broken when the claimant sold the cotton he had agreed to deliver and put the proceeds in his pocket.

This case differs but little in principle from *Stinson et al., vs. Hall*, 54 *Georgia Reports*, 676. The reasoning there, we think, controls this. And we reverse the judgment and direct a new trial.

Judgment reversed.