### McLENDON, sheriff, for use, *vs.* SMITH *et al.*

1. Pending an appeal to the supreme court from a decision on a writ of *habeas corpus* refusing to release a prisoner, can the court discharge him from custody on any terms ?　*Quære.*
2. An attorney having been imprisoned under attachment for failure to pay over money to his client, a writ of *habeas corpus* having been sued out in his behalf, a judgment remanding the prisoner to custody rendered, and the case having been carried to the supreme court, if the defendant be discharged on giving bond to the sheriff "to render his body in prison in execution of the order remanding him, in the event such order should.be affirmed," on failure to comply therewith, after an affirmance, no recovery can be had either by the movant in the attachment or the sheriff for his use.

*Habeas Corpus.　Supersedeas.*　Bonds.　Sheriff.　Before Judge PATE.　Schley Superior Court.　March Term, 1881.

Reported in the decision.

J. N. SCARBOROUGH; GUERRY & SON, for plaintiff in error.

B. B. HINTON; B. P. HOLLIS; W. A. HAWKINS, for defendants.

SPEER, Justice.

Bush obtained a rule absolute against A. J. Smith, an attorney at law, for money collected and not paid over. He had an attachment issued and had defendant arrested and imprisoned under the same. S. W. Smith (one of the sureties), in behalf of his brother, the defendant, sued out a writ of *habeas corpus* against McLendon, sheriff, who had defendant in custody. The court, upon the hearing, remanded the prisoner to jail. The defendant, Smith, tendered his bill of exceptions, and, in order to supersede the judgment, asked the judge the privilege of giving bond, and the judge thereupon appended to his certificate to the bill of exceptions an order, which was as follows: "That upon A. J. Smith giving bond and security in the sum of five hundred dollars, to render his body in prison in execution of the order remanding him, in the event said order should be affirmed by the Supreme Court, the sheriff will discharge him from custody. The said bond to be approved by the sheriff of Webster county." The defendant thereupon tendered his bond, with S. W. Smith and H. Beckworth (they, as well as defendant, acting voluntarily) as securities. The sheriff approved and received the same. The Supreme Court affirmed the order and judgment of the court below, and the judgment of that court was made the judgment of the Superior Court. In the meantime, A. J. Smith fled the realm, and continued to abscond and to remain beyond the jurisdiction of the state and court, thus failing and refusing to render his body in prison, in execution of the order and in compliance with his bond. McLendon, thereupon, suing for the use of Bush, filed his declaration in Schley superior court, against the two securities who resided in Schley, alleging the absence and

non-residence of A. J. Smith, and setting forth in detail and in substance all the foregoing facts. The defendants were duly served. On the trial, they demurred to said writ, on the ground that plaintiff was not entitled to recover on the case made in his declaration and amendments. The court sustained the demurrer and dismissed plaintiff's suit, to which ruling plaintiff excepted, and assigns the same as error.

We concur in the judgment of the court below in sustaining the demurrer to this declaration. It has been held by this court, in 34 Ga., 101, " That the filing of a bill of exceptions to the decision of the judge below, in *habeas corpus* cases, does not operate as a *supersedeas*. But the applicant must remain in the condition in which he was placed by the judgment, whether exception be taken or not." Here a judgment was taken, remanding the applicant to custody under the original judgment entered upon the attachment for contempt; but on a bill of exceptions tendered, the judge ordered his discharge on his entering into bond in the terms and conditions as set forth in this record. This is not in terms (or in form, under the statute) a *supersedeas* bond, nor is it claimed to be such by counsel for plaintiff in error. It might well be questioned, under the decision referred to, whether the judge had any authority in law, under this application and judgment thereon, to discharge from custody the principal obligor in this bond on any terms, except by satisfying the judgment. In the decision referred to the court say, "no bond is authorized to be given so as to compel his attendance to abide the final order, judgment or sentence of the court, and yet that attendance is necessary. Nor could the court require the bond to be given, for there is no one authorized to collect or recover the money in case of its forfeiture." But we do not place this judgment of affirmance on that ground. Here is a bond, taken not in the nature of a *supersedeas* bond, but conditioned to "render his body in prison in execution of the order remanding

him, in the event said order sho'uld be affirmed." What interest has the usee of plaintiff in error in any recovery on this bond, so far as it appears in the instrument itself? There is no obligation or undertaking by these defendants, to pay him anything, either in damages or otherwise. The declaration cannot legally aver, or evidence be admitted to show, any liability on the part of these defendants beyond the terms of their undertaking. And by its terms they assume none to him; they are responsible to the letter of their undertaking—no more. But it is said that the sheriff, the obligee, may sue and recover. *Cui bono*—what damages have resulted to him by the failure of the defendants to keep their covenant? None is alleged, and we presume none can be proved. If there was no authority in law to take this bond, and the principal obligor was suffered to go at large, his discharge might be an escape, against which the officer, from reasons of public policy, would not be allowed by bond to indemnify himself. If there was authority to take the bond, then he, as the obligee, must aver and show he, or some one for whose use it was taken, was damaged or incurred liability by reason of the defendants failing to keep their undertaking according to its terms. In either view of this case, then, we can see no cause of action accruing either to the officer, or his usee on this bond, from the facts set forth in the record. It may seem to be a hard case on the plaintiff in error's usee that, by reason of this order of discharge, he should fail to enforce his judgment in the mode he was seeking by attachment. But we cannot adapt the rules of law to the exigencies of what appear to be seeming hardships. These rules must be our guide, and upon them our decisions must rest. To hold that they must yield to what may appear to be the exigencies of a hardship to the litigant, would leave us without light to guide our way.

Let the judgment below be affirmed.