Bowen, constable, *vs.* Penny, trustee, *et al.*

1. In an action on a forthcoming bond given in a claim case, where it was alleged that the property had been delivered to the claimant, and being of a perishable nature, had been consumed by him, and that it had been found subject to the execution, this was a sufficient allegation to show a breach of bond, and there was no necessity for re-advertising the property which could not be produced.

2. Where a forthcoming bond, given in a claim case, stated that a claim was interposed by P., "trustee for his wife," and in the bond he was likewise so named, and after his signature thereto was added the word "trustee," and the property was turned over to him and consumed by him, he was individually liable on the bond, the words "trustee for his wife" being mere words of description.

May 1, 1886.

Claim. Pleadings. Bonds. Trusts and Trustees. Before Judge KIBBEE. Dooly Superior Court. March Term, 1885.

This action was brought in favor of Bowen, constable, for the use, etc., against "John C. Penny, trustee for M. T. Penny," as principal, and John D. Adams, as security. It was alleged that a *fi. fa.* in favor of John F. Lewis & Son, the usees in the suit, against John C. Penny, had been levied on certain property; that Penny, as trustee for M. T. Penny, interposed a claim and gave the replevy bond

sued on, " whereby the said John C. Penny, trustee, as aforesaid," received possession of the property and thereafter appropriated it to his use as trustee, and used and consumed it. It was also alleged that the breach of the bond was in the failure to deliver the property, which was rendered impossible by its consumption by " John C. Penny, trustee, as aforesaid," and his surety. Process was prayed against " John C. Penny, trustee, as aforesaid," and Adams, and it issued accordingly.

The bond sued on was given by " J. C. Penny, trustee for M. T. Penny, principal," and Adams as surety.

On demurrer, the court dismissed the declaration on the ground that it did not authorize a judgment against the trust estate. The plaintiff excepted.

J. M. DuPREE; JOHN B. HOLMES; W. A. HAWKINS, for plaintiff in error.

R. G. OZIER; GUSTIN & HALL, by J. H. LUMPKIN, for defendants.

BLANDFORD, Justice.

This was an action of debt upon a forthcoming bond given in a claim case, the claim having been interposed by John C. Penny, trustee for his wife, M. T. Penny. The property having been found subject to the *fi. fa.* levied thereon, and the same being perishable property, and having been consumed by the claimant, the suit was instituted, alleging the foregoing facts.

There was a general demurrer to the sufficiency of the plaintiff's declaration. This demurrer the court sustained, and dismissed plaintiff's action, and thereupon plaintiff excepted, and error is assigned thereon to this court.

1. The allegations in the declaration show a breach of the bond, as they show the property replevied had been entirely consumed by claimant ; hence there was no neces-

sity for a re-advertisement of the property, as the claimant could not produce it.  55 *Ga.*, 606.

2. This action is against John C. Penny individually. Although he signed the bond as trustee for his wife, M. T. Penny, his is an individual liability.  The words " trustee for M. T. Penny " are words of description merely, and in nowise restrict his liability.  He put in the claim, the property levied on was turned over to him, and was consumed by him, and he is liable to the plaintiff.

Judgment reversed.