.Anderson, sheriff, for use, *v.* Banks *et al.*

This case is controlled by *Aycock et al.* v. *Austin, sheriff,* 87 *Ga.* 566.
May 29, 1893.

Action on forthcoming bond. Before Judge R. H. Clark. Newton superior court. September term, 1892.

. Capers Dickson, for plaintiff.

E. F. Edwards, by brief, for defendants.

Bleckley, Chief Justice.

The action was upon a forthcoming bond taken in a claim case, the property levied upon and claimed being cotton, and the claim having been afterwards withdrawn. The evidence shows that the surety on the claim bond got possession of the cotton when the bond was given, and that after the withdrawal of the claim he admitted that the cotton could not be produced because he had shipped and disposed of it. For this

reason the sheriff did not readvertise it for sale, but brought this action on the forthcoming bond to recover its value, and the value was proved. The ground on which the court granted a nonsuit was, that the cotton was not subject to the execution which had been levied upon it. This question was not in the case. It was the very question which was raised by the claim, and the trial of it was waived on the part of the claimant both for himself and his surety by withdrawing the claim and not afterwards renewing it. If it be said that he had no opportunity of renewing because the property was not readvertised for sale, the answer is that it did not have to be readvertised, for it was disposed of either by the claimant or his surety so that they could not produce it. Advertising it would be a useless ceremony and needlessly expensive if the proposed sale would be impossible in consequence of the property having been put out of reach and beyond the control of the makers of the bond. Had it been desired to interpose a second claim, the property should have been kept under their control until they had so done. It is not allowable for a claimant to defeat a sale by interposing a claim and then appropriate the property to his own use or suffer it to be appropriated by his surety on the claim bond, and then contest, not in the claim case—the very case appointed by law for the purpose—but in a suit on the bond, the right of the plaintiff in execution to sell the property. To allow this would be to overlook and disregard the object of the claim laws, that object being to facilitate the trial of the rights of property seized under execution, by a sort of intervention on the part of strangers to the execution, instead of leaving them to assert their rights in some separate and independent action. If claims are used merely to get or retain possession of property and not for the trial of rights to it, they cease to be substitutes for other actions and only

give ground or occasion for some other action, which is the very thing the claim laws are designed to prevent. It would be a perversion of these laws not to hold the claimant and his surety estopped by dismissing the claim, the present action being for a breach of a bond to produce the property, and the question of breach not in any way involving the title but only the forthcoming of the property at the time and place of sale. Inability to produce it when clearly established is regarded by our law as equivalent to a failure to produce it. This has been ruled several times, and the case of *Aycock* v. *Austin*, 87 *Ga.* 566, really rules the present case on the main question which we have discussed. *Judgment reversed.*