WILLIAMS *et al. v.* THE EMPIRE PRINTING COMPANY.

When personal property levied upon under execution is claimed and replevied by the claimant, and at the trial of the claim case judgment is entered dismissing the claim and ordering the execution to proceed, this is so far an adjudication that the property is subject to the execution as to render the claimant and the surety on the replevy bond liable thereon for a failure to deliver the property to the levying officer at the time and place of sale, he having duly readvertised the property for sale after the rendition of the judgment above mentioned, and no second claim having been filed.

December 21, 1895.

Action on bond. Before Judge Lumpkin. Fulton superior court. March term, 1895.

*Albert & Hughes*, for plaintiffs in error.

*S. D. Johnson* and *T. W. Latham*, contra.

SIMMONS, Chief Justice.

An execution founded upon a judgment against Noble C. Williams was levied upon certain furniture which was claimed by Virginia C. and Caroline C. Williams. The claimants gave a bond for the forthcoming of the property at the time and place of sale, provided it should be found subject. When the case came on for trial, the claimants were not present, and the court dismissed the claim and ordered the execution to proceed. The constable read-

vertised the property for sale, but the claimants failed to produce it at the time appointed for the sale. No second claim was interposed after the dismissal of the first. Suit was brought upon the forthcoming bond; and the main question argued before us was, whether the judgment of the court dismissing the claim and ordering the execution to proceed was such a judgment as would bind the principals and their sureties on the forthcoming bond.

It was argued by counsel for the plaintiffs in error, that under the condition expressed in the bond, the parties who made the bond would be liable only in case the property should be found subject, and that the judgment of dismissal was not such a finding that it was subject as would bind them. We are of the opinion that where a party who has filed a claim and given a bond of this kind fails to prosecute his claim, and a judgment is entered dismissing the claim and ordering the execution to proceed, this is such an adjudication that the property is subject as will authorize a recovery on the bond, if no second claim has been filed. If this were not so, any person, by filing a claim and giving such a bond, could get possession of property when levied upon, and consume it or place it beyond reach, and then, by failing to prosecute the claim, leave the plaintiff without any recourse upon the bond. In the case of *Anderson* v. *Banks*, 92 *Ga.* 121, the property claimed was delivered to the surety on the forthcoming bond, who disposed of the property, and the claim was afterwards withdrawn, and this court held that a recovery could be had on the bond.          *Judgment affirmed.*