O'NEILL MANUFACTURING COMPANY *v.* HARRIS,

former constable, for use, etc.

1. Suit may be brought on a forthcoming bond in the name of the officer to whom the bond was made payable, though he may have retired from office prior to the bringing of the action.
2. The petition in the present case sufficiently alleged the failure to produce the property and the circumstances necessary to establish the plaintiff's right to bring the suit.
3. In an action on a forthcoming bond it is not necessary that the execution levied on the property for the production of which the bond was given be set out in the petition or attached thereto as an exhibit.
4. A petition in such a case is not defective in failing to allege that the property in controversy is that of the plaintiff in execution.

Argued May 25,—Decided June 10, 1904.

Action on bond.    Before Judge Reece.    City court of Floyd county.    August 27, 1903.

*Denny & Harris*, for plaintiff in error.
*Griffith & Weatherly*, and *C. E. Carpenter*, contra.

CANDLER, J.    This was an action on a forthcoming bond given by a claimant of property which had been levied upon under executions from a justice's court.    The action was brought in the name of Harris, the constable to whom the bond was made payable, for the use of the plaintiff in execution.    At the time the suit was commenced Harris was no longer constable, having been succeeded in office by Byars, and the action was brought by him as "former constable of said county."    The case is now before this court on exceptions to the overruling of a demurrer to the petition.

1. The principal question raised by the demurrer is whether the suit could be brought by Harris after his retirement from the office of constable, or should have been instituted in the name of

his successor, Byars. The purpose of a forthcoming bond is to indemnify the levying officer. *Aycock* v. *Austin*, 87 *Ga*. 566; *Turner* v. *Camp*, 110 *Ga*. 632. While in claim cases he is required to take a proper bond when tendered him by the claimant, the responsibility is upon him to see to the correctness of the bond and the solvency of the security. Civil Code, § 4614. For failure to discharge his duty in this respect he may be held liable after his retirement from office; and it necessarily follows that to his successor, who had nothing to do with the levy or the taking of the bond, no liability attaches. The responsibility incident to the acceptance of a forthcoming bond is personal to the officer who takes it; and hence the bond is made payable to him alone, and not also to his successors in office. Consequently, upon a breach of the bond, the obligee therein, for whose individual protection it was given, may institute suit on the instrument for the use of the plaintiff in execution; and this is so notwithstanding the fact that the plaintiff has, prior to the bringing of the action, gone out of office. Whether the suit may also be brought by the succeeding officer as the one entitled to the legal custody of the property, quære?

2. The demurrer also attacks the petition on the ground that "no failure to deliver the property to the levying officer is shown or alleged; that no connection is shown between the plaintiff in this case and W. M. Byars; that no right is shown in said W. M. Byars to execute or take part in the execution of the justice court process referred to in the petition." This ground of the demurrer is wholly without merit. The petition distinctly alleges the failure of the claimant to deliver the property in accordance with the terms of the bond. The only "connection" necessary to be established between the plaintiff and Byars is set up in the recital of the fact, as alleged, that the plaintiff was the officer making the levy and to whom the bond is payable, and that Byars is his successor in office; and this in itself was a sufficient allegation of Byars' right to execute the processes of the court whose officer he was.

3. It is also contended that the petition was defective in that the fi. fas. which were the basis of the levy on the property to which the claim was interposed were not set out in the petition or attached as an exhibit thereto. We are not aware of any law

of pleading which would render necessary, in a case like the present, the incorporation of the fi. fas. in question in the petition. No authority to support this contention is cited by counsel for the plaintiff in error, and we are satisfied that no such authority exists. The bonds themselves are set out literally in the petition, and this was all that was required. *Gibson* v. *Robinson*, 90 *Ga.* 756.

4. Nor was it a good ground of demurrer that the petition failed to allege that the property in dispute was the property of the plaintiff in execution. In an action on a forthcoming bond no issue can properly be raised as to the title to the property involved. The only question to be decided is whether or not there has been a breach of the bond. As was said by Mr. Chief Justice Bleckley in *Anderson* v. *Banks*, 92 *Ga.* 122: "It is not allowable for a claimant to defeat a sale by interposing a claim and then appropriate the property to his own use or suffer it to be appropriated by his surety on the claim bond, and then contest, not in the claim case — the very case appointed by law for the purpose — but in a suit on the bond, the right of the plaintiff in execution to sell the property."

The foregoing disposes of all the points made by the demurrer, and necessarily leads to an affirmance of the judgment of the court below.　　*Judgment affirmed.　All the Justices concur.*