### 187.  HATTON *et al. v.* BROWN, sheriff.

1. When an execution from a justice's court is levied by the sheriff on personal property, he must advertise and sell the property in the same manner as constables are required to advertise and sell the same, under the Civil Code, § 4165.
2. Where personal property of the defendant in fi. fa., in his possession, has been levied on by the sheriff, who leaves it in the possession of the defendant on his giving a forthcoming bond payable to the sheriff, under the Civil Code, § 5436, and the sheriff thereafter makes a personal demand on the defendant for the delivery of the property to him, in order that he may sell it by virtue of the levy, and the defendant fails and refuses to deliver it to him, no advertisement of the sale of the property need be had, as the refusal of the defendant to deliver it to the sheriff constitutes a breach of his bond.
3. Where a forthcoming bond has been given to the sheriff, under the Civil Code, § 5436, and the defendant who executed it has enjoyed the benefit of the bond by retaining in his possession the property levied upon, the doctrine of estoppel applies in an action by the sheriff, for the use of the plaintiff in execution, upon the bond, and the defendant in execution can not be heard to object to the validity of the bond.
4. An action for a breach of a forthcoming bond under the Civil Code, § 5436, is properly brought in the name of the sheriff, for the use of the plaintiff in fi. fa.
5. "In an action on a forthcoming bond it is not necessary that the execution levied on the property for the production of which the bond was given be set out in the petition or attached thereto as an exhibit."
6. The measure of damages on forthcoming bonds is fixed by the Civil Code, § 5438, and it is immaterial that the petition alleges the amount of the damages to be the penal sum of the bond.

Action on bond, from city court of Fayetteville—Judge Hollingsworth.  January 24, 1907.

Argued February 27,—Decided May 9, 1907.

*J W. Shell, J. W. Culpepper, Aldine Chambers,* for plaintiffs in error.  *J. W. Wise,* contra.

HILL, C. J.  The sheriff, for the use of the plaintiff in execution, brought suit on a forthcoming bond, and alleged that as such sheriff he levied four fi. fas. issued from a justice's court, in favor of the plaintiff, against the defendants, on certain personal property of the principal defendant and found in his possession.  The petition describes the fi. fas., giving amount and date of each, and also describes the personal property levied on, and alleges, that after the levy had been made, the defendants executed a forthcoming bond (a copy of which was attached to the petition) conditioned to produce, at the time and place of

the sale, the property so levied upon; that he duly advertised the property for sale, as required by law, in the Fayetteville News, the official organ of the county, and that on the day of sale the defendant failed to produce the property in accordance with the terms of the bond, and thereby caused a breach of the same. The plaintiff further alleged, that if the property had been produced and sold, it would have brought a sufficient amount to pay the fi. fas. in full; that he demanded the property in accordance with law, and the defendants failed to produce the same.

The defendants filed demurrers, general and special, to the foregoing petition. The general demurrer was on the grounds: (1) That the property was never advertised as the law directs, and was not offered for sale and demanded as the law directs, (2) That the copy of the bond attached to the petition shows that it was not a good and valid bond, for the reason that the principal defendant, Charles Hatton, did not sign the same, nor does it show that any one authorized by him did so sign for him, the signature being as follows: "Charles Hatton by J. W. Shell, S.," and that said signature does not in any way bind the said defendant. (3) That the  principal not being liable on the bond, for the reasons stated, the other defendant, his surety, is also not liable.  (4) That the action is in the name of the sheriff for the use of the plaintiff in execution, when, under the law, in an action of this kind the sheriff has no right to bring suit for the use of the plaintiff in execution.  The special demurrer was on the following grounds: (1) That the petition does not show at what time or place the sale was to have been and the property produced.  (2) That the petition does not contain a copy of the advertisement of the property, which it is alleged was made in the Fayetteville News.  (3) That the petition fails to show what amount the plaintiff is entitled to recover against the defendants. It does not set out properly the fi. fas. which were levied, nor are copies of them attached as exhibits. (4) That the amount sued for is far in excess of the sum which the plaintiff claimed the principal defendant was indebted. The court overruled the demurrers, general and special, and error is assigned on that ruling.

1.  We think that when sheriffs execute justice's court processes, they are required to do so in the same manner in which constables are directed to execute them.  This is the authority expressly

given to them under the Civil Code, §4381. Section 4165 pre-
scribes the manner of advertisement of the sale of personal prop-
erty seized under justice's court fi. fas.; and when a sheriff makes
a levy under justice's court fi. fas., on personal property, he must
advertise and sell the same as directed by the terms of this sec-
tion.

2. But we do not think the principal defendant in this case can
take advantage of the sheriff's failure to comply with the require-
ments of section 4165. The allegation of the petition is, that the
sheriff demanded the property of the defendants, according to
law, and the defendants failed and refused to produce the same.
This failure and refusal to comply with the personal demand
made any advertisement of the property unnecessary, and consti-
tuted a breach of the bond. The contract of the defendants bound
them to produce the property at the time and place of sale, when
called for by advertisement or by personal demand. An adver-
tisement, of course, would be the legal equivalent of a demand.
But where there is a personal demand, and a refusal to ·comply
therewith, no advertisement is necessary. The bond in this case
was taken by the sheriff under the Civil Code, §5436. Under this
statute the sheriff may leave the property seized by him in posses-
sion of the defendant in fi. fa. if the defendant. will agree to have
it forthcoming at the time and place of sale, and will give his
bond to that effect; and when the defendant gives a bond under
this statute, he acknowledges that he thenceforth holds the prop-
erty, not for himself, but for the sheriff; that his possession is the
sheriff's possession; that he becomes the sheriff's agent. *Roebuck*
v. *Thornton,* 19 *Ga.* 151. Now when the sheriff goes to him and
demands of him the personal property, in order that he may sell
it, and the defendant refuses to deliver it to him, it would be un-
reasonable to hold that it would nevertheless be necessary for the
sheriff to advertise the property, in order to make the defendant
liable on his bond. A refusal to deliver the property to the sheriff,
on personal demand in order that he may have possession of the
property to sell it, is a refusal to deliver the property at the time
and place of sale, and clearly constitutes a breach of the bond.
*Mapp* v. *Thompson,* 9 *Ga.* 47; *Spence* v. *Lovejoy,* 97 *Ga.* 444.
It has been frequently decided by the Supreme Court that an ad-
vertisement of property for which a forthcoming bond has been

given is unnecessary, when such property has been consumed or otherwise disposed of so as to render it impossible for the obligors in the bond to deliver the same to the levying officer on demand. *Stinson* v. *Hall,* 54 *Ga.* 676; *Lassiter* v. *Byrd,* 55 *Ga.* 606; *Bowen,* v. *Penny,* 76 *Ga.* 743; *Anderson* v. *Banks,* 92 *Ga.* 121. We think the reasons upon which these decisions are based are applicable where a demand is made by the sheriff on the maker of a forthcoming bond for a compliance with its conditions, and he refuses to comply. Such refusal amounts to a renunciation of his contract, and constitutes a breach thereof. The sheriff could sell the property seized, under levy without advertisement. His failure to advertise is simply an irregularity. It might subject him to damages, but would not affect the validity of the title of a bona fide purchaser at such sale.

3. The objection that the forthcoming bond was not valid, for the reason that it was not signed by the principal defendant or any one authorized by him, is a matter of defense. The petition alleged specifically that the principal defendant gave the forthcoming bond with the other defendant as surety; and this is admitted by the demurrer. But we do not think that the principal defendant could be heard to make this defense even by plea, in view of the other allegation in the petition, that the sheriff left the property in his possession on giving the bond. After receiving the property and getting full benefit of the contract, he would be clearly estopped from denying its validity. Hale *v.* Wadsworth, 35 W. Va. 375.

4. It being shown that the principal maker of the bond is liable thereon, the 4th ground of the general demurrer was not well taken. The sheriff clearly had the right to bring the suit in his own name; or he could bring it in his own name for the use of the plaintiff in execution. The bond was made payable to him officially, and he was bound officially to the creditor. *Wortsman* v. *Wade,* 77 *Ga.* 651; *Aycock* v. *Austin,* 87 *Ga.* 566; *O'Neill Mfg. Co.* v. *Harris,* 120 *Ga.* 467; Civil Code, §§5436-5437.

5, 6. The special demurrers were properly overruled. The dates of the fi. fas., their amounts, and the court from which issued, are given in the petition. It is not necessary, in an action on a forthcoming bond, that the execution levied on the property for the production of which the bond was given be set out in the

petition or attached thereto as an exhibit. *O'Neill Mfg. Co.* v. *Harris,* 120 *Ga.* 467. The measure of damages recoverable on forthcoming bonds is given by the Civil Code, §5438. While the amount sued for in this case was the penal sum named in the bond, no recovery could be had for a sum in excess of the amount due the plaintiff in execution, with interest and costs.

The judgment of the trial court overruling the demurrers, general and special, is *Affirmed.*