## 4446. JOHNSTON, sheriff, for use, etc., v. PINKSTON.

1. The filing of a bill of exceptions does not operate as a supersedeas, or suspend the judgment sought to be reviewed, unless the plaintiff in error either gives the bond or files the affidavit required in § 6165 of the Civil Code (1910). Where no bond is given or affidavit filed, the opposite party is at liberty to proceed to enforce his rights in the court below, by execution or otherwise, subject, of course, to the chance of reversal.

2. After property levied upon, to which a claim has been interposed and for which a forthcoming bond has been given, has been found subject to the execution, an action may be maintained against the principal and the surety on the forthcoming bond without readvertisement of the property for sale, and without proving a personal demand for the property, when it affirmatively appears that it would have been physically impossible to produce the property in response to either the advertisement or the demand.

3. The court erred in holding that the suit upon the forthcoming bond had been prematurely brought, and in dismissing the petition.

DECIDED APRIL 16, 1913.

Action on bond; from city court of Lumpkin—Judge Nicholson presiding. September 23, 1912.

*Tomlinson Fort,* for plaintiff.

*Hatcher & Hatcher,* for defendant.

RUSSELL, J. The question raised by the record is whether an action can be maintained upon a forthcoming bond while the issue of title to the replevied property is still pending upon a writ of error in the Supreme Court. The sheriff, for the use of Carter & Patterson, brought a suit on a forthcoming bond, given by Mrs. Pinkston as claimant, to replevy certain cotton to which she had claimed title. The trial judge dismissed the suit upon the forthcoming bond, because the claim case had not been finally disposed of in the Supreme Court; and the present writ of error challenges the correctness of this ruling. The facts pertinent to the question involved were embodied in an agreed statement of facts, submitted to the court for determination. It was agreed that Carter & Patterson were the owners of a fi. fa. against J. G. Pinkston, which they had caused to be levied upon seven certain bales of cotton. Mrs. Pinkston filed a claim and gave a bond for the forthcoming of the property, then sold it, and applied the proceeds to her own use. The cotton having been found subject to the fi. fa. in the superior court of Stewart county, and the claimant's motion for a new trial having been overruled, she filed her bill of exceptions

to the Supreme Court. However, no supersedeas bond was made or filed with the bill of exceptions or at any time thereafter. Subsequently, and while the case was still pending in the Supreme Court, the present suit was filed, alleging a breach of the bond by the sale and conversion of the property. The principal and the surety on the bond filed a plea in abatement, alleging that the suit was prematurely brought, by reason of the pendency of the suit in the Supreme Court. The plaintiff demurred to the answer as insufficient in law, but the court overruled the demurrer, and, upon the issue made by the plea in abatement, the court held the suit to have been prematurely brought.

It will be seen from the above statement of facts that the sole issue raised by the demurrer and the plea in abatement is whether the plaintiffs in execution were, by reason of the fact that the claim case was pending in the Supreme Court, though no supersedeas bond had been given, prevented from proceeding to subject the property which had been found subject in the superior court. The Civil Code, § 6165, provides that a supersedeas shall be granted the plaintiff in error in a civil case (1) upon his filing, on or before the filing of the bill of exceptions, an eventual condemnation-money bond, or (2) upon his filing a pauper affidavit. Except in criminal cases, injunctions, or other equitable or extraordinary proceedings, no other method is provided for securing a supersedeas. Of course, when no supersedeas has been applied for or obtained, any person who attempts to proceed with the enforcement of his rights takes chances on the judgment of the Supreme Court. But from the very first deliverance of the Supreme Court of this State (*Truluck* v. *Peeples,* 1 *Ga.* 1) it has uniformly been ruled that where no bond has been given or affidavit filed, the opposite party is at liberty to proceed to enforce his rights in the court below, by execution or otherwise. It was so ruled in *Allen* v. *Mayor,* 9 *Ga.* 286; *Irwin* v. *Jackson,* 34 *Ga.* 103-4; *Jordan* v. *Jordan,* 16 *Ga.* 452; *McLendon* v. *Smith,* 68 *Ga.* 36; *Perkins* v. *Rowland,* 69 *Ga.* 661-2; *Cummings* v. *Craig,* 82 *Ga.* 666 (9 S. E. 1042); *Ryan* v. *Kingsbery,* 88 *Ga.* 361 (14 S. E. 596).

It is admitted that no supersedeas bond, nor the affidavit required by § 6166, was filed, and hence, in suing upon the forthcoming bond, the officer only took the risk of the judgment of the superior court of Stewart county being reversed in the Supreme Court, with

the concurrent risk of a consequent liability to repay to the claimants, or her surety—in case the claimant finally established her title to the cotton—such amount as he might have recovered upon the forthcoming bond. In the absence of a supersedeas, the plaintiffs in fi. fa. had a right to proceed with their case. Suit on the bond was the next step. No bond or affidavit having been filed, there was no supersedeas. The fact that the supersedeas bond might impose liability for the costs only has no bearing upon the necessity for giving the bond, for it is the bond, and not the quantum of liability thereunder, that operates as a supersedeas.

Counsel for the defendant in error insists that the judgment of the trial court, holding the suit upon the forthcoming bond to be premature, was necessarily correct, because the obligation of the surety is stricti juris; and, since a forthcoming bond only requires the production of the property at the time and place of sale, it is argued that there should have been a readvertisement of the property for sale, or a demand for the property, before there could be said to be any breach of the bond. It is admitted in the agreed statement of facts that the claimant had sold and disposed of the cotton. No demand for the production of the property is required when a forthcoming bond is given, for the obligors have already bound themselves to produce the property at the time and place where it is to be sold. Moreover, the fact that the claimant had sold the cotton obviated the necessity of readvertising it for sale. *Lassiter* v. *Byrd*, 55 *Ga.* 606; *Bowen* v. *Penny*, 76 *Ga.* 743; *Anderson* v. *Banks*, 92 *Ga.* 121 (18 S. E. 364). The exact point was ruled by the Supreme Court in *Spence* v. *Coney*, 97 *Ga.* 441 (25 S. E. 316), in which it was held: "Where a distress warrant was levied upon personal property and a claim was filed by a third person, who gave a forthcoming bond in terms of the statute, an action against the principal and sureties thereon was, after the property had been found subject to the warrant, maintainable without a readvertisement of the property for sale, and without proving that any personal demand therefor had, before suit, been made upon the defendants, it affirmatively appearing that it would have been physically impossible for them to produce the property in response to any such advertisement or demand." As was said by Justice Lumpkin in delivering the opinion: "Where an obligor has voluntarily placed himself in a situation which renders it impos-

sible for him to comply with the obligation he has assumed, he is to be treated as abandoning and renouncing his contract, and, consequently, committing a breach thereof. . . It is a mistake to suppose that a breach of a written obligation can result only after the time for performance therein stated has arrived, and due demand for performance has been made and refused." "When impossibility of performance is caused by the act of one of the parties, it is equivalent to a breach." 3 Am. & Eng. Encyc. Law, 903. Therefore, when it was admitted in the agreed statement of facts that the claimant had sold and disposed of the cotton, such an anticipatory breach was shown as entitled the plaintiffs to sue upon the forthcoming bond; and this disposes of the cases cited by counsel for the defendant in error, to the effect that the sheriff has nothing to do with the property after taking a forthcoming bond, such as *Houser* v. *Williams*, 84 *Ga.* 604 (11 S. E. 129); *Chesapeake Co.* v. *Wilder*, 85 *Ga.* 550 (11 S. E. 618), and *Williams* v. *Houser*, 90 *Ga.* 821 (15 S. E. 821).

The court erred in holding that the suit upon the forthcoming bond had been prematurely brought, and in dismissing the petition.

*Judgment reversed.*