7965. Jones *v.* Donaldson, deputy sheriff, for use, etc.

</div>

Jenkins, J. Where, upon the levy of a fi. fa. on personal property, the defendant executes a forthcoming bond, in which the quantities of the property levied on are set forth and a valuation of each article of property is stated and specifically agreed upon by the parties to the bond; and where the defendant in fi. fa., by reason of the levying officer's

45

acceptance of the bond, acquires a substantial benefit under it, he will not thereafter, when sued on the bond, be permitted to deny the existence of the property, by entering a plea to that effect, alleging that the levying officer did not measure the articles so enumerated, but only guessed at the quantities as therein stated; nor should he be permitted to deny the valuations of the property as set out and agreed to by the terms of such bond. *Stroud* v. *Hancock*, 116 *Ga.* 332 (42 S. E. 496).

While, under section 6043 of the Civil Code of 1910, in such a suit the measure of damages is the value of the property at the time of the delivery, with interest thereon, up to the amount due the plaintiff in execution, with interest and cost, and not the penal sum named in the bond (*Hatton* v. *Brown*, 1 *Ga. App.* 747 (6), 750, 57 S. E. 1044), yet where the bond signed by the defendant in fi. fa. and under which he obtained possession of the property sets forth in detail the agreed valuations of the specific properties therein enumerated, the defendant, in the absence of special facts alleged to the contrary, should be bound thereby. The court did not err in sustaining the demurrer to defendant's plea.

*Judgment affirmed. Broyles, P. J., and Bloodworth, J., concur.*

DECIDED APRIL 5, 1917.

Action on bond; from city court of Statesboro—Judge Proctor. October 12, 1916.

*Anderson & Jones,* for plaintiff in error.

*Brannen & Booth,* contra.