*Buford Boykin,* for plaintiff. *J. O. Newell,* for defendant.

---

8523. THOMAS *v.* EMANUEL, sheriff.

Under the agreed statement of facts, and the ruling in *Lumsden* v. *Leonard,* 55 *Ga.* 374, the levy of the fi. fa. on the property of the plaintiff in error was proceeding illegally, and the court erred in overruling and finding against the affidavit of illegality, and in ordering that the fi. fa. proceed.

DECIDED JULY 5, 1917.

Affidavit of illegality; from city court of Bainbridge—Judge Spooner. February 12, 1917.

*Hartsfield & Conger,* for plaintiff in error.

BROYLES, P. J. The following is the agreed statement of facts in the case: "M. C. Williams procured judgment against one Aaron Andrews, from which execution issued and was levied by Emanuel, sheriff, on certain personal property, to which Artie Andrews, wife of Aaron Andrews, filed her claim, and gave a forthcoming bond payable to Emanuel, sheriff, with R. L. Lane and Alex Thomas as sureties thereon, conditioned for the forthcoming of the property levied upon, at the time and place of the sale, in the event the property was found subject to the claim of Artie Andrews. Upon the trial of the claim of Artie Andrews the property was found subject. The sheriff proceeded with the levy and the property was not forthcoming. Thereupon Emanuel, sheriff, brought suit against Artie Andrews principal, and R. L. Lane and Alex Thomas, securities on the forthcoming bond, and obtained judgment on October 6, 1913, for $197.20 principal, and $32.12 interest and cost. Execution was issued from this judgment on October 9, 1913. On January 2, 1914, R. L. Lane and Alex Thomas, securities, personally conducted S. W. Martin, a deputy sheriff in the office of J. H. Emanuel, sheriff, to the premises of Artie An-

drews, principal defendant, and there pointed out to him sufficient personal property in value, and ordered him to have a levy made upon the same and sell the same in satisfaction of said fi. fa.; said personal property consisting of 5,000 pounds of hay and fodder, more or less, 250 bushels of corn, one two-horse wagon, and one bay horse, white spot in face and white hind foot. On February 5th, 1914, W. J. Frederick, coroner of Decatur county, levied said fi. fa. in favor of J. H. Emanuel, sheriff, against these defendants, upon the above-described property, seizing the same and taking it into his possession. The said levying officer left said personal property on the premises of Artie Andrews, principal defendant, and took no forthcoming bond therefor. On February 12, 1914, Malcomb Andrews made his claim to said property under oath, and accompanied the same with a pauper affidavit, which claim and pauper affidavit were received by the levying officer and returned by him, together with the fi. fa., to the city court of Bainbridge for trial, and filed in office June 13th, 1914.

"Upon the trial of said claim on June 26th, 1915, the jury found the property subject, and found against the claimant for 10 per cent. damages, and judgment was thereupon entered. J. H. Emanuel, sheriff, having gone out of office, and S. W. Martin having succeeded him as sheriff on January 1st, 1915, the said Martin, sheriff, at the instruction of attorneys for Emanuel, advertised the personal property levied on by W. J. Frederick, coroner, for sale on the first Tuesday in December, 1915, and on said date exposed the same for sale, although said personal property was not at the place of sale, and knocked the same off to R. L. Lane, one of the defendants in fi. fa., he being the highest and best bidder, for a sufficient sum to satisfy the fi. fa. in full. The said Martin, sheriff, was not able to make delivery of the property so sold, as the same could not be found and was not forthcoming, and no forthcoming bond has been taken by Frederick, coroner, under his levy and seizure; therefore the purchase price bid by Lane was not paid into court. Acting under the order of attorneys for Emanuel, sheriff, plaintiff in fi. fa., S. W. Martin, sheriff, on May 5, 1916, levied said fi. fa. of Emanuel, sheriff, upon 61 2/3 acres of land described in the levy as the land of Alex Thomas, one of the securities, defendant in fi. fa., and advertised the same for sale on the first Tuesday in June, 1916. To this levy Alex Thomas filed

in court his affidavit of illegality now under consideration, the grounds of the illegality being stated therein. Lane, one of the sureties, at the suggestion of Emanuel, sheriff, carried Frederick, coroner, to the premises of Artie Andrews, principal defendant, and pointed out the personal property on which the coroner later levied on February 5th, 1914. This was some time before Lane took Martin to said premises and pointed out the same property to him, January 2nd, 1914."

It is unnecessary to add anything further to what is said in the headnote.

*Judgment reversed. Jenkins and Bloodworth, JJ., concur.*