### 10059.  BOWDEN, sheriff, *v.* SCOTT.

A recovery on the forthcoming bond of a claimant of property seized under an attachment was not authorized where no execution had been issued on the judgment rendered on the attachment.  Without such an execution the levying officer was not authorized to sell the property and could not make a legal demand for it under the bond; and it would make no difference that the property had been dissipated while in the possession of the party who had given the bond.

DECIDED APRIL 19, 1919.

Certiorari; from Bibb superior court—Judge Mathews.   July 19, 1918.

*Charles H. Garrett,* for plaintiff.

*Hardeman, Jones, Park & Johnston, Harry S. Strozier,* for defendant.

LUKE, J.   This is a suit on a forthcoming bond given by a claimant in attachment; and to entitle the plaintiff to recover there must have been a breach of the bond.  There was no such breach, since there never was a fi. fa. in the attachment case.  Nor was there a judgment or fi. fa. in the claim case.  A judgment in attachment can be enforced only by execution.  Civil Code (1910), § 5122.  See also *Rogers* v. *McDill,* 9 *Ga.* 506.  The plaintiff seeks to avoid this result by saying that there was a breach because the property was not produced on demand and was dissipated.  This contention is, however, unsound, since he could not make a legal demand or complain of the dissipation of the property, until legally in position to sell it, and he could not be legally in position to sell until he had a fi. fa.  See *Hatton* v. *Brown,* 1 *Ga. App.* 747 (2) (57 S. E. 1044) ; *Lassiter* v. *Byrd,* 55 *Ga.* 606.

*Judgment affirmed.   Wade, C. J., and Jenkins, J., concur.*