12293.  HARRELL *et al. v.* EMANUEL, for use, etc.

No error appears, and the verdict is fully supported by the evidence.
DECIDED NOVEMBER 1, 1921.

Action on bond; from city court of Bainbridge — Judge Spooner. January 31, 1921.

*W. V. Custer, J. C. Hale,* for plaintiffs in error.

*A. E. Thornton, M. E. O'Neal, J. R. Wilson,* contra.

HILL, J. Emanuel, sheriff, levied a certain mortgage fi. fa. in favor of M. C. Williams, issued on the foreclosure of a chattel mortgage in the city court of Bainbridge against Aaron Andrews, on certain personal property described in the levy. Artie Andrews, the wife of Aaron, filed a claim to the property levied upon, giving to the sheriff a forthcoming bond with R. L. Lane and Alexander Thomas as securities. On the trial of the claim case the property was found subject to the mortgage fi. fa., and, not being produced at the time and place of sale, the sheriff brought suit on the forthcoming bond against Artie Andrews and the securites, Lane and Thomas, and obtained a judgment against them. Being the plaintiff in fi. fa., he was not qualified to make a levy of the same, and therefore turned over the fi. fa. to Frederick, coroner, for the purpose of having the levy made. The coroner thereupon proceeded to levy the execution and seized sufficient property to pay off the amount of the execution. He left the property so levied upon in the possession of the defendant in execution, without taking any forthcoming bond. The coroner turned the execution, with his entry of levy, over to the sheriff for the purpose of having the property advertised and sold according to law, but the property was not forthcoming at the time and place of sale, and there was a loss resulting from the failure of the coroner to take a forthcoming bond. In the meantime the sureties on the claim bond made by Artie Andrews, Thomas and Lane, were released as sureties on the forthcoming bond, on the ground that the coroner had left the property levied upon by him in the possession of the defendant without taking a forthcoming bond. See *Thomas v. Emanuel,* 20 *Ga. App.* 494 (93 S. E. 114). Thereupon Emanuel, whose term of office had expired, brought the instant suit, on the coroner's bond, to recover damages resulting from the neglect of the coroner as above stated. By an amendment he

added the allegation that the suit was for the use of Jessie R. Williams. It does not appear from the record in this case how Jessie R. Williams is related to the case except by the allegation that the suit by Emanuel was for her use. The original proceedings commenced by the foreclosure of a mortgage by M. C. Williams and the levy of the execution issued thereon. The coroner had died before the instant suit was brought, and it was brought against Harrell and Welch as sureties on the coroner's bond. These defendants filed a general demurrer to the petition, on the specific ground that the allegations "were insufficient in law to authorize a recovery in favor of the plaintiff against the defendants." The court overruled the demurrer, and exceptions pendente lite were duly preserved and are before this court. The case proceeded to trial and a verdict was rendered for the plaintiff, and the defendant's motion for a new trial was overruled; to which judgment defendants excepted.

The plaintiffs in error insist, in support of their demurrer to the petition, that the plaintiff in the court below, Emanuel, having ceased to be sheriff, was not authorized as an individual to bring the suit on the coroner's bond, and that the suit should have been brought by the sheriff in office; this contention being based upon the principle that bonds required of officials, such as sheriffs, coroners, etc., are considered as made to the office, and pass to each incumbent without assignment. This has been held to be the law in *Stephens* v. *Crawford,* 1 *Ga.* 574 (44 Am. D. 680); *Howard* v. *Crawford,* 15 *Ga.* 433; *Beckwith* v. *Reclor, etc.,* 69 *Ga.* 564, 575. And this is the general rule. Bonds of coroners in this State are made payable to the " ordinaries and their successors in office," and a copy of the bond in the present case shows that the law had been complied with in this respect. It therefore follows, from the decisions above cited, that unless there was some exception in the present case which brings it outside of this general rule, the proper plaintiff to bring this suit for the real party at interest would be the ordinary, the obligee in the bond, who was in office at the time the suit was filed. Under the provisions of § 12 of the Civil Code of 1910, suits may also be brought by any person aggrieved through the misconduct of an officer on his official bond in his own name as the real plaintiff. In the instant case the allegations in the petition show that Emanuel may be regarded at least

as something more than a mere nominal party. While sheriff he made the levy of the mortgage fi. fa. and took the forthcoming bond of the claimant as against that levy, and, when the property was not forthcoming, as obligee in the forthcoming bond the sheriff sued thereon and obtained a judgment in his favor and had a fi. fa. issued thereon; this being the fi. fa. placed in the hands of the coroner for levy, the sheriff being a party and therefore disqualified. The responsibility incident to the acceptance of a forthcoming bond is personal to the officer who takes it; and hence the bond is made payable to him alone, and not also to his successors in office. Consequently, upon a breach of the bond, the obligee therein, for whose individual protection it was given, may institute suit on the instrument for the use of the plaintiff in execution; and this is so notwithstanding the fact that the plaintiff has, prior to the bringing of the action, gone out of office. O'Neill Mfg. Co. v. Harris, 120 Ga. 467 (47 S. E. 934). The record in this case shows that the sheriff, who took the forthcoming bond following the levy of the execution in favor of Williams, upon the breach of that bond brought suit upon it, not in the name of Williams, but in his own name as obligee in the bond, and obtained a judgment thereon, followed by an execution which was placed in the hands of the coroner. This made the sheriff the real plaintiff in execution, and therefore the real party interested in the outcome of the suit against the sureties on the coroner's bond for the coroner's neglect of duty. For the reasons stated, it would seem to follow that he had a legal right to bring the suit on the coroner's bond, as being the person aggrieved by the coroner's neglect, either in his own name individually or for the use of any one that he might designate as the usee; and in this case, by amendment, he brought the suit for the use of Jessie R. Williams. Why he did so does not appear from the record, but this is immaterial as affecting his right to bring the suit, and we therefore think that the demurrer was very properly overruled by the learned trial judge.

The amended motion for a new trial contains numerous grounds of error in rulings on evidence, refusals to charge and exceptions to instructions. Examination of each in connection with the record fails to disclose any material error, and the verdict is amply supported.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*