19574. HERRINGTON *et al.* v. COLEMAN, sheriff, for use, etc.

STEPHENS, J. 1. Where personal property of a perishable nature, which has been levied on and for the production of which at the time and place of sale the defendant in execution has given a forthcoming bond, has disappeared or been consumed, and the defendant in execution can

not produce the property in compliance with the obligation in the bond, it is not necessary, in order to establish a breach by the defendant of the bond, that the property be advertised for sale or that a demand for the property be made upon the defendant in execution. *Bowen* v. *Penny*, 76 *Ga.* 743; *Anderson* v. *Banks*, 92 *Ga.* 121 (18 S. E. 364); *Hatton* v. *Brown*, 1 *Ga. App.* 747 (57 S. E. 1044).

2. This being a suit against the principal and surety on a forthcoming bond, to recover for an alleged breach of the bond in the failure of the defendants to produce the property, which was cotton and corn, at the time and place of sale, and there being evidence to authorize the inference that at the time of the filing of the suit the property was not in the possession of the defendants, but had been consumed and could not be produced, and there being evidence to authorize the inference that the property was of the value found in the verdict for the plaintiff, which was an amount less than the amount of the execution, the verdict found for the plaintiff was authorized.

3. Upon the trial of a suit to recover for the breach of a forthcoming bond, where evidence as to the value of the property levied on was introduced and a verdict was found for the plaintiff in an amount less than the value of the property as indicated by a reference to the penal sum named in the bond, and the value of the property as found in the verdict was a sum authorized by the evidence, it is immaterial whether the court, when instructing the jury as to what evidence would constitute a prima facie case for the plaintiff, instructed the jury in effect that such prima facie case is made in the absence of any evidence as to the value of the property.

4. The court properly charged the jury as to the burden of proof resting upon the plaintiff and as to what proof constituted a prima facie case.

*Judgment affirmed.  Jenkins, P. J., and Bell, J., concur.*

DECIDED FEBRUARY 12, 1930.

*T. N. Brown,* for plaintiffs in error.  *A. S. Bradley,* contra.