24135. MANUFACTURERS FINANCE ACCEPTANCE
CORPORATION *v.* BRADLEY *et al.*

Decided November 12, 1934.

140

*J. B. Moore, Franklin, Langdale & Eberhardt,* for plaintiff.
*Wade H. Watson, Highsmith & Highsmith,* for defendants.

SUTTON, J. 1. This was an action brought by the plaintiff in execution against the claimant and the surety on her forthcoming bond given in compliance with section 5117 of the Civil Code (1910). It is a well-recognized principle of law that there is a breach of a forthcoming or replevy bond, such as the one given by the claimant in this case, when "such property has been consumed or otherwise disposed of so as to render it impossible for the obligors in the bond to deliver the same to the levying officer on demand." *Hatton* v. *Brown,* 1 *Ga. App.* 747, 749 (57 S. E. 1044), and cit. "Where property for which a forthcoming bond has been given has been sold and the proceeds appropriated by the makers of the bond, who thus put it out of their power to deliver the property to the levying officer in compliance with the terms of the bond, their conduct constitutes a breach of the bond." *Early* v. *Hampton,* 15 *Ga. App.* 95, 102 (82 S. E. 669), and cit. See also

*Johnston* v. *Pinkston,* 12 *Ga. App.* 585 (77 S. E. 1075). In these circumstances, there is no need of a demand upon the claimant. "Ratione cessante, cessat et ipsa lex." *Lassiter* v. *Byrd,* 55 *Ga.* 607.

(*a*) The trial of this case resulted in a judgment of nonsuit. If "the plaintiff fails to make out a prima facie case, or if, admitting all the facts proved and all reasonable deductions from them, the plaintiff ought not to recover, a nonsuit will be granted." Civil Code (1910), § 5942. "Nonsuit is a process of legal mechanics; the case is chopped off." *Vickers* v. *A. & W. P. R. Co.,* 64 *Ga.* 306.

(*b*) However, "If there be any evidence whatever to sustain the action, it must go to the jury, the court having no discretion in the matter of granting a nonsuit." *Starr* v. *Greenwood,* 48 *Ga. App.* 535 (173 S. E. 243). "A nonsuit should not be granted when there is any evidence tending to sustain the plaintiff's claim, or where the jury can fairly and reasonably infer from the evidence a state of facts favorable to the plaintiff." *Brown* v. *Savannah Electric &c. Co.,* 46 *Ga. App.* 393 (167 S. E. 773). "The grant of a nonsuit, under our practice, is simply the sustaining a demurrer to the evidence. It admits all alleged to be true, and then declares to the plaintiff, 'admitting your case as you make it, the law grants you no relief or remedy—you have no right or standing in court.'" *Frost* v. *Gibson,* 59 *Ga.* 601.

(*c*) Applying these tests to the evidence in this case, it appears that the court erred in its judgment of nonsuit. There was competent evidence from which a jury might well have inferred that the automobile, levied on under the attachment process and replevied by the claimant under section 5117 of the code, was sold by the claimant and her husband, the defendant in the attachment case, subsequent to the execution of the bond sued on, and the proceeds of the sale appropriated by the claimant or her husband. If the claimant and her husband sold this automobile, they placed it beyond the power of the claimant and her surety to comply with the terms of the bond. Inability to produce the automobile was the equivalent of a failure to produce it. *Anderson* v. *Banks,* 92 *Ga.* 121, 123 (18 S. E. 364); *Spence* v. *Coney,* 97 *Ga.* 441 (25 S. E. 316).

2. The action was maintainable by the plaintiff in its own behalf. Any person interested in a bond taken by a public officer

under the laws of this State may bring suit thereon, in his own name, in any court having jurisdiction thereof. Civil Code (1910), § 13. Where a forthcoming bond was given by a claimant of property, payable to the sheriff, the plaintiff in execution was interested in the bond to the extent of the value of the property, if it did not exceed the amount of its judgment, and it could bring suit on the bond in its own name, under the above section of the code. *Hagedorn* v. *Powers*, 22 *Ga. App.* 189 (95 S. E. 749), and cit. See also section 6043 of the code. It is also proper for such an action to be brought in the name of the sheriff for the use of the plaintiff in execution. *Hatton* v. *Brown*, 1 *Ga. App.* 747 (57 S. E. 1044); Civil Code (1910), § 5118.

3. The ruling in *Bowden* v. *Scott*, 23 *Ga. App.* 636 (99 S. E. 140), that "A recovery on the forthcoming bond of a claimant of property seized under an attachment was not authorized where no execution had been issued on the judgment rendered on the attachment. Without such an execution the levying officer was not authorized to sell the property and could not make a legal demand for it under the bond," is not controlling under the facts of this case. In this case the attachment case had proceeded to verdict and judgment, and execution had issued upon the judgment and been entered upon the general execution docket. It appears in the above-cited case that no verdict and judgment had been obtained in the attachment case. The condition of the bond was that the property be delivered at the time and place of sale in the event the claim should be determined against the claimant. The claim case could not be passed upon until the attachment case had proceeded to verdict and judgment in favor of the plaintiff in attachment.

(*a*) Moreover, the case at bar is controlled by the ruling in the first paragraph of the decision, there being evidence from which a jury could find that the claimant had placed it beyond her power to comply with the bond, thereby obviating the necessity of a demand being made upon the claimant by the levying officer for the delivery of the property. The law does not require the doing of a futile or useless act.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*