26009. EARNEST *et al* v. BARRETT, sheriff, *et al.* for use, etc.

STEPHENS, P. J. 1. Where a claim has been filed to property which has been levied on under an attachment, and the claimant has given the sheriff a forthcoming bond as required by statute (Code, § 8-803), conditioned upon the delivery of the property at the time and place of sale, provided the property shall be subject to the attachment, and the claimant takes possession of the property, afterwards dismisses his claim, and converts the property to his own use, the claimant, by dismissing the claim and thereby refusing, on the trial of the claim case, to contest the issue whether the property is subject to the attachment, waives the right, on the trial of a suit for a breach of the forthcoming bond, to assert that the property is not subject to the attachment. On the trial of a suit by the levying officer, for the use of the plaintiff, against the claimant and the sureties on the replevy bond, to recover for the alleged breach of the bond in the failure of the claimant to produce the property, where it appears from the evidence that the claimant, after giving the replevy bond and taking possession of the property, dismissed the claim and converted the property to his own use, the verdict for the plaintiff is not without evidence to support it, on the alleged ground that it does not appear that the property was subject to the attachment. *Anderson* v. *Banks,* 92 *Ga.* 121 (18 S. E. 364).

2. Where, after property has been delivered to a claimant under a forthcoming bond which is conditioned to produce the property at the time and place of sale, the claimant has converted the property to his own use, and afterwards, on demand from the levying officer to produce the property at the time and place of sale, refuses to produce it, no advertisement of the sale of the property is necessary. The refusal of the claimant to deliver the property on demand of the levying officer, notwithstanding there has been no advertisement of the sale of the property, constitutes a breach of the bond. *Hatton* v. *Brown,* 1 *Ga. App.* 747 (2) (57 S. E. 1044).

3. On the trial of such a suit the claimant can not relieve himself of liability for a breach of the bond, on the ground that the plaintiff has suffered no damage by reason of the fact that the title to the property levied on was not in the defendant in attachment, without showing that

in a suit to which the plaintiff was a party the title to the property had been adjudicated as not being in the defendant in attachment. In *Lackey* v. *Mize*, 75 *Ga.* 692, wherein it was held that the claimant, after having given a forthcoming bond and taken possession of the property, and after it had been adjudicated on the trial of the claim case that the property was subject to the execution, could, in defense to the suit against him by the levying officer for the use of the plaintiff, to recover for a breach of the bond, show that title was in a person other than the defendant in execution, it had been adjudicated, on the trial of a proceeding arising out of a claim to the property by another person, to which the plaintiff was a party, that the title to the property was in that person as the claimant, and not in the defendant in execution. The ruling in that case is distinguishable from that in the case now before the court, wherein it does not appear that there had been any adjudication, on the trial of any issue to which the plaintiff was a party, that the title to the property levied on was not in the defendant in attachment.

4. The evidence authorized the verdict for the plaintiff. The court did not err in overruling the motion for new trial.

*Judgment affirmed. Sutton and Felton, JJ., concur.*

DECIDED MARCH 11, 1937.

*J. H. Paschall,* for plaintiffs in error.
*J. G. B. Erwin, J. M. Lang,* contra.