## 83. SOUTHERN COTTON-OIL CO. *v.* GLADMAN.

1. The master is under absolute duty to his servant not only to furnish him a safe place in which to work, but also to warn him of any unusual or newly developed dangers which arise in the course of the employment and which are likely to escape an ordinarily prudent servant's knowledge under the circumstances.
2. The servant may, without creating an imputation of negligence against himself, rely upon the master's performance of these duties until such time as he shall discover, or, in the exercise of ordinary diligence, should discover, that there has been a failure in this respect, upon the master's part.

3. The assumption by the servant of the known ordinary risks, even of a dangerous employment, does not carry with it the assumption of an unknown supervening extraordinary hazard, occasioned by the master's negligence.

4. A master is negligent and responsible to the servant for injuries resulting proximately therefrom, if by his order he causes the servant to do an act which exposes him to a danger known to the master, but unknown to the servant.

5. The direct order of the master to do an act, in the performance of which the servant is injured, may be shown by the servant as a circumstance tending to excuse him from the exercise of that degree of caution which would lawfully be expected of him in the absence of such command.

6. Even the direct and immediate order of the master will not justify a servant in rashly exposing himself to a known and obvious danger; and if, in compliance with the command in such cases, the servant be injured, he can not recover of the master therefor.

7. Although the servant, at the time of the injury, may be performing a duty so dangerous as to involve the element of rashness, yet if this rash conduct is not a natural, proximate, or contributory cause of his being hurt, and the injuries are received by reason of an independent act of negligence on the master's part, the mere fact of his being engaged in the rash conduct mentioned will not preclude his right of recovery.

8. Questions of diligence and of negligence, including contributory negligence, address themselves peculiarly to the jury, and a court properly declines to solve them by decision on demurrer, except in plain, indisputable cases.

Action for damages, from city court of Washington—Judge Hardeman. April 25, 1906.

Submitted February 11,—Decided February 20, 1907.

*Lamar & Callaway,* for plaintiff in error.

*F. H. Colley, R. C. Norman,* contra.

POWELL, J. The exception in this case is to the overruling of a demurrer. Gladman sued the Southern Cotton-Oil Company for personal injuries sustained by him pending the relation of master and servant. The parts of the petition material to an understanding of the points decided may be summarized as follows: Plaintiff was a member of the night crew at defendant's plant at Washington, Ga., and, among other duties, there devolved upon him the oiling of the bearings upon a certain piece of machinery. In order to perform this duty it was necessary for him to mount a ladder, as during the course of his employment he had frequently done with safety, there being no obstruction or object of danger to be encountered in his so doing. The locality in which this service was performed had been, until about two weeks prior

to the date of the injury, illuminated by an electric light; and during the period while the light was present the plaintiff had so thoroughly familiarized himself with the location of objects that he was able, "with perfect safety and without peril," to perform this duty even in the dark. One night about two weeks after the light had been removed, the plaintiff, relying upon a continuance of previously existing conditions, went up this ladder to oil the machinery. During that day, without notice to the plaintiff, the defendant had caused a metal pulley to be attached to a rapidly revolving shaft, and to be located just above the ladder and in such close proximity thereto that to have attempted to mount the ladder and oil the machinery in a bright day would have been perilous, and at night almost impossible, without grave danger to life and limb. The plaintiff was ignorant of this new condition, and was given no warning thereof, but on the contrary was mounting the ladder in obedience to an expressed command from his master to go up and oil the bearings. Under these circumstances he was struck by the pulley and injured. The petition also contains the ordinary allegations as to the master's knowledge of this danger and of the plaintiff's lack of knowledge, either actual or constructive. The defendant filed a general demurrer, and amplified the grounds by contentions, that it appears from the petition that the injuries were the result of the plaintiff's own negligence; that plaintiff by the exercise of ordinary care could have avoided the injury; that the defendant was without negligence contributing to the injury; that plaintiff's own negligence in going into a place known by him to be dangerous, without a light, amounted to rashness; that the plaintiff's means of knowledge or of discovering the dangers incident to the position in which he was placed was equal to that of defendant; that the plaintiff ventured, in the dark, without a light, into close and dangerous proximity to and into the midst of dangerous machinery while in motion, which was such a self-evidently dangerous performance that the plaintiff thereby assumed the risk and dangers thereof. The trial court overruled the demurrer.

1. That it is an actionable wrong for the master to so change the arrangement of his plant as to place such a dangerous instrumentality as a rapidly revolving metal pulley in close and perilous proximity to a ladder which it is the duty of a servant to mount

in the dark, and to send the servant up the ladder without notice or warning, is too axiomatic to admit of discussion or the citation of authority. As Labatt says, in his Master & Servant, §240, "A master is prima facie bound to instruct the servant as to all risks which are abnormal or extraordinary and are at the same time of such a kind that the servant can not be held chargeable with adequate conprehension of their nature and extent, or of the proper means by which to safeguard himself. The presumption is that all risks which belong to this category are not known to the servant. Hence the question whether the servant should have been warned is always for the jury, where the evidence is fairly susceptible of the construction that the peril to which his injury was due was one of this description, and there is no positive evidence tending to charge him with actual or constructive knowledge of that peril. This principle is equally applicable where the risks in question existed at the time when the servant commenced the performance of his contract, or were afterwards created by some material change in the intrinsic condition or relative arrangements of the instrumentalities by which the work was being done, or of the substances' which the injured person or his coemployees were required to handle."

2, 3. "As a general rule, a servant is under no obligation to inspect the appliances about which he works, or that part of the plant by which his safety may be affected, for the purpose of discovering concealed dangers which would not be disclosed by superficial observation." He may rely upon the presumption that the master will perform the duties required of him as to the safety of the plant and of the instrumentalities by which the work is to be performed. *Southern Cotton-Oil Co.* v. *Dukes,* 121 *Ga.* 787 (2); *Duke* v. *Bibb Mfg. Co.,* 120 *Ga.* 1074. Of course, if as a matter of fact a servant knows of the creation or of the existence of the abnormally dangerous condition, or in the exercise of ordinary diligence should know of it, his relation to it is similar to what it would be if the hazard were a normal one. *Crown Cotton Mills* v. *McNally,* 123 *Ga.* 35; *Stubbs* v. *Atlanta Cotton Mills,* 92 *Ga.* 495; *Skipper* v. *Southern Cotton-Oil Co.,* 120 *Ga.* 942; *Steele* v. *Georgia Iron Co.,* 121 *Ga.* 460. The ordinary and usual risks of the employment, though there be great dangers attendant thereon, are assumed by the servant. He does not assume the

risk of additional, unknown dangers imposed by the master's negligence; nor is he bound to anticipate such dangers. Such supervening negligence of the master creates an extraordinary hazard, upon which a recovery of damages may be predicated. *Southern Cotton-Oil Co.* v. *Dukes,* supra; *Blount Carriage Co.* v. *Ware,* 125 *Ga.* 571.

4. Among the absolute, continuous, and non-delegable duties of the master to the servant, is the duty "to refrain from giving orders which will require a servant to put himself in such position that he will be subjected to the risks of injuries from a dangerous instrumentality." Labatt, M. & S., §114; *Moore* v. *Dublin Cotton Mills, 127 Ga.* 609. Some courts have characterized a breach of this duty as being almost criminal. Herdler *v.* Buck's Stove & Range Co., 136 Mo. 17.

5. Since the servant is authorized to act upon the belief that the master will properly perform all his duties growing out of the relation, he is also justifiable in taking for granted that the master will not give him an order which will expose him to unusual danger and to risks not already assumed by him. As Justice Cobb says, in the case of *Moore* v. *Dublin Cotton Mills,* supra, "A servant is bound to obey the order of his master unless the command includes a violation of the law, or the act required is so obviously dangerous that no person of ordinary prudence would undertake to perform it. Where the master himself gives the order and the servant obeys it, and is injured as a consequence thereof, of course the master is liable." We quote again from another portion of this same opinion: "If a servant, although an adult and fully cognizant of his general duty in reference to the machine, and aware of the dangers ordinarily incident to its operation, obeys a direct order of a servant authorized by his master to give the direction, in reference to the mode and manner of operating the machine, and injury results, the master is liable, unless the act required to be done is one so obviously dangerous that no reasonably prudent man would undertake to perform it, or the servant was aware of the danger or could, by the exercise of ordinary care, have discovered it, and the master had equal means with the servant of discovering the danger attendant upon obedience of the order." In discussing the doctrine that contributory negligence is usually negatived by evidence that the servant

acted upon a direct order, Labatt (M. & S. §439) says: "Although the circumstances, when abstracted from the facts of the giving of the order, may be such as to justify a court in holding that the servant appreciated the danger to which his injury was due, and was negligent in subjecting himself to that danger, such a conclusion is, in a large number of instances, not warrantable, if the testimony goes to show that the immediate occasion of his being subjected to that danger was his compliance with the order. The effect of this doctrine is that, where the servant, in obedience to an order, performs a duty which, though dangerous, is not so dangerous as to threaten immediate injury, or where it is reasonably probable that the work may be safely done by using more than ordinary caution or skill, he may recover, if injured. It will be seen that this rule when analysed, amounts to nothing more than a statement that in determining what is ordinary care on the part of a given individual, all the circumstances of his position should be regarded, including, in cases like the present, the servant's orders, the demands of his duty, the apparent risk to be met, and the purpose of his action, no less than his physical surroundings. Having weighed all these considerations, unless the case then discloses that the risk was such as would not be taken by a man of common prudence, so situated, the court can not justly declare that the taking of that risk by the servant in obedience to orders was negligence. The practical result of such a doctrine when stated in terms of the servant's knowledge is that the servant may maintain an action, unless he not only knows what is the risk to be encountered, but also that it will probably be attended with injury which he can not avoid by the exercise of care and caution."

6. Of course a servant who rashly exposes himself to a known danger which common prudence ought to show him could not be encountered without probable injury can not recover in case he is thereby injured, even though his conduct be sanctioned or commanded by the master.

7. The rash act of the servant, however, in order to preclude his recovery, if his injury result from negligence of the master, must be a natural, proximate, or contributing cause of the injury. This rule is implied in the epithet "contributory," as applied to the servant's alleged negligence, and is sustained by so great an

abundance of authority as to preclude the necessity for citations. In the case at bar it may have been rash for the servant to perform the alleged duty of mounting a ladder and oiling the bearings of revolving machinery in the dark. If he had been hurt by falling from the ladder or by being struck or caught by the machinery in its usual condition, his rashness in undertaking the work would have precluded a recovery. But the quality of his rashness must be measured in accordance with the surroundings as he had known them, and as he had a right to expect still to find them. He was not hurt by the dangers he had undertaken to encounter, but by a new and unexpected thing of danger, attributable directly to his master's negligence.

8. The statement of the 8th headnote is also too well recognized to require elaboration. We announce it merely as basis for the statement that upon the trial the defendant may ask the opinion of the jury as to those matters of negligence, and of contributory negligence, which it is sought to have the judge solve by demurrer; and if that branch of the court shall decide that the plaintiff was guilty of contributory negligence under the circumstances, they should find for the defendant, and this court will freely yield its acquiescence to their verdict.

*Judgment affirmed.*