1056.  NIX v. SOUTHERN RAILWAY COMPANY.

1057.  NIX, by next friend, v. SOUTHERN RAILWAY COMPANY.

POWELL, J.  A car-coupler who sees and · knows that the draw-head and knuckle of the coupling are defective and will not act automatically, and who, while an engine with cars attached is backing rapidly to the point where the coupling is to be made, kicks against the draw-head and knuckle, to adjust them, just at the moment of impact, and thus gets his foot mashed, is, in legal contemplation, the author of his own injury, and can not hold the railway company liable therefor, although a signal given by him was disregarded by the engineer in thus rapidly backing the engine and cars; it not appearing that the injured employee · did not see and know the speed at which the engine and cars were running.  *Griffith* v. *Railroad Co.*, 124 *Ga.* 553 (53 S. E. 97, 4 L. R. A. (N. S.) 854).          *Judgment affirmed.*

Actions for damages, from city court of Floyd county—Judge Hamilton.  February 28, 1908.

Argued April 22,—Decided May 7, 1908.

Will Nix, a minor suing by his next friend, sought to recover for personal injuries; and his father, in a separate suit, sought to recover for loss of the son's services in consequence of the injuries. The court dismissed the suits, on general demurrer, and exceptions were taken in each case.

From the petitions it appears, that Will Nix was a car-coupler in the defendant's service, engaged with other employees in making up a train.  He was at his post of duty, at the side of a stationary car, with his hand on the handle-bar with which couplings are made, for the purpose of coupling that car to cars which were being pushed toward it by an engine.  The approaching cars were moving at the rate of six miles per hour, and he signalled with his hand to the engineer to reduce the speed and go very slow, because the coupling was about to be made.  When the cars were about to come together he saw that · the draw-head of the stationary car was not in its proper position, but extended three or four inches out of its place and towards him, and that the coupling could not be made while it was in this position, because the knuckles in the draw-heads would not meet; and, in order that the coupling might be made, he put his foot against the draw-head and attempted to push it to its proper position.  Just as the coupling was about to be made, the cars were given a quick, sudden push, and before he could get his foot from against the draw-head, the draw-head of the moving car hit the draw-head of the stationary car with such force that it

flew back and caught and lodged his foot between the dead-wood and the draw-head, and he sustained the injuries in question. Owing to the weight of the draw-head and the short time in which he had to adjust it, he had not·succeeded in pushing it to its proper place. It was alleged, that the way in which he was attempting to put the draw-head in its proper place was the usual and customary way of adjusting draw-heads when in that condition, and the only way in which the defendant's employees adjusted them; that during the two or three years in which he had been coupling cars for the defendant, he had adjusted hundreds; that it was the duty of couplers to adjust them in that way; that his superiors adjusted them in that way in his presence, and saw him adjust them in that way and never corrected him. It was alleged, that he was free from fault, and that the defendant was negligent in using the car with the draw-head in the defective condition described; and that the engineer was negligent in pushing the cars back against the stationary car so suddenly and with so much rapidity and force.

*M. B. Eubanks, W. B. Mebane,* for plaintiff, cited: *Ga. R.* 87/631; 91/28; 73/814; 77/429; 103/820; *Ga. App.* 1/94, 281, 403, 413, 441; 2/295; *Ga. R.* 113/708; 122/88.

*Maddox, McCamy & Shumate, George A. H. Harris & Son,* for defendant, cited: *Ga. R.* 92/495; 103/584; 124/553; 1 *Ga. App.* 259 (6).