10469. BARRETT *v.* MAYNARD.

1. The various excerpts from the charge of the court, excepted to, when considered with the charge in its entirety and the facts of the case, are not erroneous for any reason assigned.

2. The verdict was authorized by the evidence, and the court did not err in overruling the motion for a new trial.

DECIDED OCTOBER 20, 1919.

Eviction; from Hall superior court—Judge Jones. March 22, 1919.

*H. V. Johnson, Sloan & Sloan,* for plaintiff in error.

*W. N. Oliver,* contra.

SMITH, J. The 4th and 5th grounds of the motion for a new trial may be considered together. In these grounds the defendant (the plaintiff in error) complains of the language used in the charge to the jury in reference to improvements or repairs which he insisted had been made by him under an agreement with the agent of the plaintiff. He criticises the use of the language "to make improvements, build fences and fix door knobs, or doors, or hot houses, or cleaning out a well," and insists that there was nothing in the pleadings or in the contentions of the parties, or in the evidence, as to the matter of improvements. There was a contention by him that, under an agreement had by him with the agent of the plaintiff, he did make certain improvements or repairs upon the property, and that he was entitled to recoup this amount. While in the first part of the paragraph of the charge of the court set out in the 4th ground the words used are somewhat inaccurate, yet the latter part and this excerpt from the charge, as well as the excerpt set out in the 5th ground, taken together with the whole charge, shows that the question of improvements or repairs was substantially and clearly presented to the jury. There is no. merit in these two grounds of the motion. See section 3699 of the Civil Code, which is as follows: "The landlord must keep the premises in repair, and is liable for all substantial *improvements* placed upon them by his consent." There was no contention or evidence in this case that the premises had become in bad repair and that the landlord had been notified of the defects, and after a reasonable time had failed to make the repairs, but the whole contention was upon an express agreement that certain improvements or repairs were to be made upon the property, and that the defendant claimed a recoupment or set-off for the amount of such repairs. This raised a question of fact for the jury, and was concluded by their verdict.

The 6th and 7th grounds of the motion for a new trial may also be considered together. The complaint made in these two grounds relates to excerpts from the charge where the court adds after the words, "You see, if at the time Mr. Barrett didn't owe anything

to Mrs. Maynard, his rent was paid up and he wasn't in arrears," the following: "he was not a tenant holding over and beyond the time for which he had rented, or if there had been no breach of the contract by him by failing to pay rent, if he was over or ahead in payment of rent, in other words, if he wasn't in such position as subjected him to a proceeding of this kind at that time, then you couldn't find in favor of Mrs. Maynard for any amount." The court further charged, "If she was entitled to sue out this process at the time, as I stated, when Barrett was a tenant holding over, or his contract had been breached by failure to pay rent, then Mrs. Maynard would recover the full amount of the rent from then down to the time of the trial, down to date; she would recover double that amount." It is insisted that all the language used in these two excerpts relating to the defendant holding over or beyond the term for which he had rented was error and prejudicial to the defendant. In order to understand the question raised it is necessary to go back to the pleadings and the evidence. The affidavit to dispossess the defendant was founded upon the single ground that he had failed to pay rent due. The counter-affidavit denied that any rent was due, and then went further and denied that he was holding over beyond the term for which he had rented the property. He testified that he had rented the property for one year, the rent being payable monthly at the end of each month. He denied that he owed any rent and he denied that he was holding the property beyond the term for which he had rented it. The excerpts from the charge of the court set out in these grounds of the motion, so far as they relate to a *tenant holding over,* were not applicable to the contentions or the evidence in the case, but the charge, taken as a whole, including these excerpts, clearly and fully submitted the real issues to the jury, and the verdict was for the exact amount of double rent from the date of suing out the warrant to dispossess and the date of the trial. Therefore, the instructions complained of were not misleading but mere surplusage.

That amount of the verdict finding the defendant liable for rent prior to the issuance of the dispossessory warrant was written off by the plaintiff in the court below, and so the verdict is cured as to this matter.

The general grounds of the motion for a new trial need not be considered, as there was evidence to support the verdict.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*