### 14878. FLOWERS *v.* FAUGHNAN.

BELL, J. 1. "A pedestrian and a person with an automobile have each the right to use the public highway, but the right of an operator of an automobile upon the highway is not superior to the right of the pedestrian, and it is the duty of each to exercise his right with due regard to the corresponding rights of the other. The driver of an automobile is bound to use reasonable care and to anticipate the presence on the streets of other persons having equal rights with himself to be there; and a pedestrian, when lawfully using the public highways, is not bound to be continually looking and listening to ascertain if auto-cars are approaching, under the penalty that if he fails to do so and is injured, it must be conclusively presumed that he was negligent." *O'Dowd* v. *Newnham,* 13 *Ga. App.* 220 (1) (2) (80 S. E. 36). Upon applying this rule to the evidence in this case we cannot say that the verdict found for the plaintiff was unsupported.

2. Conceding that the answer contained a denial that the plaintiff had been injured, the fact of her injury, if not its extent, was shown by the

*evidence* without dispute. The court, in the charge, therefore did not err in assuming that the plaintiff had been injured, no opinion being expressed in regard to the extent of such injury. *Central of Ga. Ry. Co.* v. *Johnston,* 106 *Ga.* 130 (1) (32 S. E. 78); *Dexter Banking Co.* v. *McCook,* 7 *Ga. App.* 436 (1) (67 S. E. 113).

3. The trial judge, in submitting the elements of damage which the plaintiff might recover if the defendant was liable, made a reference to "hospital bills." No issue was presented by the pleadings or the evidence in regard to such item, the plaintiff not claiming to have incurred such expense; and the jury could not possibly have been misled by the charge into finding an amount for the plaintiff for "hospital bills." "A charge touching a matter wholly irrelevant under the pleadings, even if erroneous, is not cause for a new trial, when it appears that the jury could not have been misled by such instructions to the injury of the complaining party." *Heard* v. *Tappan,* 121 *Ga.* 437 (2) (49 S. E. 292); *Southern Ry. Co.* v. *Reynolds,* 126 *Ga.* 657 (5) (55 S. E. 1039).

4. The plaintiff sought damages for past lost time, of the value of $120, and expenses necessarily incurred as a result of her injury, as follows: "Doctors' bill, $57; medicine bill . . $10; hired help to nurse petitioner and to do housework, $75;" and also to recover a named sum for physical pain and suffering. There was no claim of a permanent injury. No issue was raised in reference thereto in the pleadings or the evidence. Excepting the irrelevant allusion to "hospital bills," as indicated above, the jury were correctly instructed as to the measure of damages in issue, and the court did not err in failing "to give the jury any rule or charge as to the difference in the measure of the damages for temporary and permanent injuries."

5. The court did not err in overruling the motion for a new trial.

   *Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

     DECIDED DECEMBER 7, 1923.

Action for damages; from Long superior court—Judge Sheppard. June 30, 1923.

*Parker & Parker,* for plaintiff in error.

*M. Price,* contra.