16858. ROBERTS *v.* PHILLIPS.

STEPHENS, J. 1. Where a motor-car traveling along a public highway has been brought to a stop in the highway, and another car is approaching it from the front, both cars, notwithstanding one is stationary, are meeting each other in the sense of section 3 of the .act of 1921 (Ga. L. 1921, p. 255, Park's Code Supp. 1922, § 828 uu-7), regulating motor-vehicles, which provides that "Whenever any operator of a motor vehicle . . shall meet on a public . . highway . . any other vehicle, approaching in the opposite direction, the operator shall turn his vehicle to the right so as to give one half of the traveled roadway, if practicable, and a fair opportunity to the other to pass by without unnecessary interference."

2. In a suit for personal injuries, where there is evidence to the effect that the plaintiff, while operating a motor-car along a public highway on a dark, rainy night, had brought the car to a stop upon the left side of the road and had alighted and placed himself in front of the car, leaving the car standing thus with headlights burning and with a blinding light shining ahead in the highway, and while in this situation the plaintiff and his car were run into by an approaching car and injured, it was error for the trial judge to fail to give to the jury the following charge,

requested in writing, which was not covered by the charge given: "It is the duty of the operator of a motor-vehicle to operate the same in such a manner as to give all other operators of vehicles the right to one half of the traveled roadway, if practicable, and also a fair opportunity to the other operator of the vehicle to pass without any unnecessary interference."

3. It was also error to fail to give the following charge requested in writing, which was not covered by the charge given: "If a person operating a motor-vehicle chooses on a dark, rainy night to use the left-hand side of the road, it is his duty to be on the alert, use his eyes, his ears, and all of his senses to exercise care and caution to prevent injury either to himself or to other persons lawfully entitled to use the road."

4. Since the law does not require all motor-vehicles to be equipped with dimmers, the court properly refused the request to charge that it was the duty of the plaintiff to have his automobile equipped with dimmers. See Ga. L. 1918, p. 200, sec. 2 (Park's Code Supp. 1922, § 828 (cc)).

5. Extracts from law books and opinions of courts which state correct principles of law are not always pertinent and apt for a charge to the jury. The refused requests to charge which are set out in grounds 8 and 9 of the motion for a new trial, while containing correct principles of law, are not couched in language calculated to enlighten the jury. The requested instructions read as follows: "The driver of a car using the wrong side of the road is not entitled to rely on a machine coming from the opposite direction not exceeding the legal rate of speed." "The driver of a car using the wrong side of the road is not entitled to rely on the driver of an approaching car anticipating that he is on the wrong side of the road."

6. The general and special demurrers to the petition were properly overruled.

7. No other error appears.

*Judgment reversed.  Jenkins, P. J., and Bell, J., concur.*

DECIDED SEPTEMBER 20, 1926.

Damages; from Muscogee superior court—William deL. Worsley, judge pro hac vice.  September 1, 1925.

Application for certiorari was made to the Supreme Court.

*McCutchen, Bowden & Gaggstatter,* for plaintiff in error.

*Foley & Chappell,* contra.