24515.   EUBANKS *v.* MULLIS, executrix.

. DECIDED SEPTEMBER 12, 1935.

*Blackshear & Blackshear, Lesler F. Watson,* for plaintiff.
*H. E. Coates, Burch & Daley,* for defendant.

SUTTON, J.   This was an action for damages on account of injuries caused by the alleged negligence of the defendant in the operation of his automobile, alleged to have occurred on December 23, 1924.   Defendant was driving his automobile along Jefferson Street, a public highway and street in the City of Dublin, Georgia, on his left side thereof, that is, "astraddle" of the middle of the street with the left side of defendant's automobile two or three feet over to the left of the center of the street.   Plaintiff was in the act of crossing Jefferson Street, between intersections, passing between two automobiles parked at the curb at an angle of about 45 degrees.   One of these cars, a Buick, on plaintiff's left, was longer than the one on his right, a Ford.   Plaintiff was going across the street to his car, which was parked longitudinally some distance down the street to plaintiff's right, but not directly on the opposite side of the street from the Buick and the Ford.   Plaintiff had passed between the two parked automobiles, beyond the end of the Ford; and when he reached the rear of the Buick, he looked up the street to his left to see if any traffic was approaching from that side, his head and right foot being the parts of his body beyond the end

of the Buick in the street; and instantly, before he could look to his right down the street, his right foot was struck by defendant's automobile, and he was knocked down on the pavement and injured as alleged. He had passed beyond the end of the Ford, and was in plain view of defendant, and he could have seen defendant had he looked to his right, and defendant could have seen him. The street was clear on the opposite side from the two parked automobiles where plaintiff was crossing, and there was plenty of room for the defendant to have driven his automobile on that side, his right side of the street. If the defendant had been driving his automobile on his right side of the street, he would not have run into the plaintiff. It was contended that the defendant was negligent in violating the law of the rule of the road, that is, in driving his automobile upon the left side of the road under the circumstances, and in operating it in such a manner as to hit and injure the plaintiff. Plaintiff contended that had defendant been in the exercise of ordinary care and diligence at the time, he could have seen plaintiff in time to have applied his brakes and avoided striking him. This was substantially the case as laid and proved by the plaintiff.

. At the conclusion of plaintiff's evidence consisting of his testimony and that of other witnesses, the judge on motion of the defendant granted a nonsuit, and the case is in this court to review that judgment.

The exception being to the grant of a nonsuit, it is appropriate to state in the beginning that "In passing on a motion for nonsuit upon the conclusion of the evidence submitted on behalf of the plaintiff, such evidence should be construed most favorably to him; and if, so construed, a prima facie case for the plaintiff is made out, a nonsuit should be refused." *Henry* v. *Roberts,* 140 *Ga.* 477 (79 S. E. 115) ; *Henry* v. *Nashville &c. Ry. Co.,* 50 *Ga. App.* 49 (176 S. E. 906). "A nonsuit shall not be granted merely because the court would not allow a verdict for the plaintiff to stand; but if the plaintiff fails to make out a prima facie case, or if, admitting all the facts proved and all legitimate deductions from them, the plaintiff ought not to recover, a nonsuit shall be granted." Code of 1933, § 110-310. "A nonsuit should not be granted when there is any evidence tending to establish plaintiff's claim, or where the jury can fairly and reasonably infer from the evidence a state of

facts favorable to the plaintiff." *Brown* v. *Savannah Electric &c. Co.*, 46 *Ga. App.* 393 (167 S. E. 773). See *Manufacturers Finance &c. Cor.* v. *Bradley*, 50 *Ga. App.* 138, 142 (177 S. E. 272) ; *Farmers &c. Bank* v. *Stovall Investment Co.*, 50 *Ga. App.* 277, 280 (177 S. E. 882) ; *Starr* v. *Greenwood*, 48 *Ga. App.* 535 (173 S. E. 243). Questions of negligence, diligence, contributory negligence, and proximate cause are peculiarly matters for the jury, and a court should not take the place of the jury in solving them, except in plain and indisputable cases. *Howard* v. *Savannah Electric Co.*, 140 *Ga.* 482 (79 S. E. 112) ; *Southern Cotton Oil Co.* v. *Gladman*, 1 *Ga. App* 259 (8), 260 (58 S. E. 249) ; *Columbus Power Co.* v. *Puckett*, 24 *Ga. App.* 300 (100 S. E. 800).

"A pedestrian and a person with an automobile have each the right to use the public highway, but the right of an operator of an automobile upon the highway is not superior to the right of the pedestrian, and it is the duty of each to exercise his right with due regard to the corresponding rights of the other. The driver of an automobile is bound to use reasonable care and to anticipate the presence on the streets of other persons having equal rights with himself to be there; and a pedestrian, when lawfully using the public highways, is not bound to be continually looking and listening to ascertain if auto-cars are approaching, under the penalty that if he fails to do so and is injured, it must be conclusively presumed that he was negligent." *O'Dowd* v. *Newnham*, 13 *Ga. App.* 220 (80 S. E. 36) ; *Flowers* v. *Faughnan*, 31 *Ga. App.* 364 (120 S. E. 670). While it is true that the driver's right-hand side of the road or street is customarily and usually the proper side of the road on which to drive his automobile (see 42 C. J. 902, § 611; 29 C. J. 650, § 415), and while under statute in this State "The rule of the road requires travelers with vehicles, when meeting, to turn to the right" (Code of 1933, § 105-112), and this applies to all public streets and highways, the law of the road does not require a traveler to keep to the right in traveling along the street, but applies only in meeting traffic, and in other peculiar or particular circumstance, when the fundamental rule of the exercise of reasonable care for the safety of others is required. One driving an automobile is free to travel along any portion of the street or highway he chooses, and may drive on his own left-hand side thereof when the road is open and other vehicles are not occupying or ap-

proaching on that side of the road, and when such use does not infringe upon the rights of pedestrians and others, who have an equal right to the use thereof, without being chargeable with negligence as a matter of law because of the mere fact of his position on the highway. However, one who is driving on his left hand side of the street must exercise more care than if he were on the right side thereof. 42 C. J. 903, 908. In *Roberts* v. *Phillips*, 35 *Ga. App.* 743 (134 S. E. 837), this principle of law in the form of a request to charge was approved by the Court of Appeals: "If a person operating a motor vehicle chooses on a dark, rainy night to use the left-hand side of the road, it is his duty to be on the alert, use his eyes, his ears, and all of his senses to exercise care and caution to prevent injury either to himself or to the other persons lawfully entitled to use the road." The Supreme Court on certiorari approved this principle. *Phillips* v. *Roberts*, 166 *Ga.* 897 (2) (144 S. E. 651). It has also been held that where there is an accident and a pedestrian is hit by an automobile being driven upon its left side of the road, the presumption is against the driver of the automobile. *McGee* v. *Young*, 132 *Ga.* 606 (4), 608 (64 S. E. 689). See further, 42 C. J. 907; *Olliff* v. *Howard*, 33 *Ga. App.* 778 (2), 780 (127 S. E. 821); *Sullivan* v. *Morris*, 50 *Ga. App.* 394, 396 (178 S. E. 324). The driver of an automobile has no right to assume that the road is clear, but must keep a vigilant lookout ahead for pedestrians and traffic, particularly at places where the conditions are such that there are special reasons for anticipating the presence of pedestrians, such as a crowded or congested city street (*O'Dowd* v. *Newnham*, supra; *Elrod* v. *Anchor Duck Mills*, 50 *Ga. App.* 531, 533, 179 S. E. 188), or where he is driving over that portion of the street which is usually used by vehicles going in the opposite direction. 42 C. J. 909-911, note 19, and cit. A pedestrian has a right to use the street, and may cross wherever he wishes, in the absence of a statute to the contrary, without being guilty, for that reason alone, of negligence. · While a pedestrian crossing a street is under no duty as a matter of law to look for automobiles traveling on the wrong side of the street, still he is required to exercise ordinary care in so using the street. 79 A. L. R. 1089. One who is himself rightfully using the highway or street has a right to the use thereof which is superior to that of one who is violating traffic regulations, and in the absence of knowledge he

is not required to anticipate that some other user will unexpectedly violate the law or rule of the road and create a situation of danger. 42 C. J. 901. "On account of the ease with which injury can result from the slightest negligence or inattention in the operation of his machine, ordinary diligence requires that the driver of an automobile be constantly on the lookout. . . The pedestrian also is required to be on the lookout, but he has the right to assume that the drivers of all automobiles are on the lookout for him too; and if he is properly upon the public highway, which he is entitled to use equally with them, he has the right to assume that they are both willing and able to regard his rights." *O'Dowd* v. *Newnham,* supra. A pedestrian being entitled to use any part of a highway or street for the purpose of travel (in the absence of any governmental regulation to the contrary), he may cross the street at any place he desires, if he uses due care, and is not restricted to public crossings, and the operator of an automobile must therefore anticipate the possibility that pedestrians may cross the street between intersections. 42 C. J. 1037, 1038, §§ 784, 785, notes 59, 60, 64, 65, and cit.; Ivy *v.* Marx, 205 Ala. 60 (87 So. 813, 14 A. L. R. 1173, note, 1176); *Southern Bell Telephone &c. Co.* v. *Howell,* 124 *Ga.* 1050. (53 S. E. 577, 4 Ann. Cas. 707); *Cohn* v. *Buhler,* 30 *Ga. App.* 14 (116 S. E. 864); 67 A. L. R. 314, note.

The plaintiff contended and testified that he was in plain view of the defendant. The defendant himself in his answer, setting up that the plaintiff could have avoided his injury had he exercised ordinary care for his own safety, alleged that he did not see the plaintiff until he was lodged upon the fender of his automobile. The evidence submitted by the plaintiff made an issue for submission to the jury as to whether the defendant was responsible for the plaintiff's injuries, as claimed. Where in an action for personal injuries there is a question as to whether or not the plaintiff could have avoided the injury to himself by exercising ordinary care, and the evidence does not show such conduct on plaintiff's part as to amount to negligence per se, the question as to the exercise of ordinary care is for the jury. *Dethrage* v. *Rome,* 125 *Ga.* 802 (54 S. E. 654); *Smith* v. *Smith & Kelly Co.,* 12 *Ga. App.* 19 (76 S. E. 770).

It follows that the grant of a nonsuit in this case was erroneous.

*Judgment reversed. Stephens, J., concurs. Jenkins, P. J., dissents.*

STEPHENS, J., concurring specially. The evidence as I construe it authorizes the inference that the defendant, at the time of the accident, was traveling only eight miles an hour, and could have seen the plaintiff after the plaintiff had come from behind the parked car and in view of the defendant, and that the defendant in the exercise of due care under the circumstances could have seen the plaintiff in time to stop and to avoid the accident, and that the injuries to the plaintiff were proximately caused by the defendant's negligence. For this reason alone I am of the opinion that the evidence was sufficient to authorize a finding for the plaintiff, and that the court erred in granting a nonsuit.

JENKINS, P. J., dissenting. While of course I recognize the well-established rule that questions of negligence and diligence, including contributory negligence, and whose negligence was the proximate cause of an injury, are questions peculiarly for the determination of the jury, and can not be resolved by the court by demurrer or otherwise except in plain and indisputable cases, it is nevertheless equally well recognized that where the evidence fails to establish negligence on the part of the defendant, and shows that the injury must necessarily have been unavoidable in the exercise of ordinary care so far as the defendant was concerned, the grant of a nonsuit is not erroneous. See *Perry* v. *Macon Street R. Co.,* 101 *Ga.* 400 (29 S. E. 304). In my opinion, it is manifest that unless the defendant was guilty of negligence in driving his car, at the time of the accident, slightly to the left of the middle of the street, under the plaintiff's testimony the defendant should be absolved from blame. Plaintiff's own testimony and that of his witnesses all go to show, as stated in the majority opinion, that, as he undertook to cross the street between intersections, and emerged from between two parked cars, one a Buick and the other a Ford, with his foot extending just beyond the Buick, he looked to his left, and as he did so was instantly hit by the left side of the defendant's car approaching from his right side. In addition to the facts narrated in the majority opinion, plaintiff's testimony and the diagram prepared and introduced in evidence by him show that the street where the accident occurred was only 32 feet wide. Plaintiff's own car, which was parked parallel to the curb on the opposite side of the street, according to the diagram was situated about 30 or 35 feet, but according to one of plaintiff's witnesses only about 15

feet, south of the scene of the accident, from which direction defendant's car was approaching. The diagram shows by its indicated figures that the end of the Buick car projected into the street 13 feet out from the sidewalk. The Ford car was parked south of and alongside the Buick, at the same angle of 45 degrees, together with a third car of undesignated make to the right of the Ford. Neither the testimony nor the diagram discloses how far this third car projected into the street. One of plaintiff's witnesses testified that the Ford was about 2 or 3 feet shorter than the Buick. If so, with both cars parked at 45 degrees, the Buick must have projected only about 1 1/2 feet farther into the street than the Ford. It appears that plaintiff was struck at a point about 2 or 3 feet from the center of the street, that is to say, practically at the same distance from the sidewalk as the Buick car extended, and not over a foot and a half beyond the distance that the Ford extended.

It is sought to establish negligence on the part of the defendant by reason of the testimony that at the time of the accident he was driving his car in violation of the "rule of the road," "astraddle of the center" of the street, so that the left side of the car encroached 2 or 3 feet on the left beyond the center of the street; and because, as contended, under the pleadings and evidence, the defendant in the exercise of ordinary diligence could have avoided the injury by stopping his car. In view of the fact that the act of 1927 (Ga. L. 1927, p. 236), embodied in the Code of 1933, § 68-303(b) was not in force at the time of the injury, and in the absence of proof of any city ordinance requiring the driver to keep his car within the right-hand portion of the street, and in the absence of any proof that at the time of the accident the defendant was meeting any person driving a vehicle from the opposite direction so as to require him to turn his car to the right, as provided by the acts of 1915 and 1921 (Ga. L. Ex. Sess. 1915, pp. 107, 113; Ga. L. 1921, pp. 255, 257), Michie's Code, 1770(34), 1770(52)), and in the absence of any proof that the defendant just prior to the injury had not been engaged in passing another moving vehicle traveling in the same direction, so as to require him, in compliance with the statutes last mentioned, to turn his car "to the left side of the vehicle overtaken," and in the absence of any proof that the defendant's driving of his car "astraddle of the center" of the street was in violation of any universal custom or "rule of the

road," it can not be said that the conduct of the defendant in then and there driving his car slightly "astraddle of the center" of the street could be taken to constitute either negligence per se or negligence as a matter of fact. While, as above indicated, no proof as to what constituted the alleged "law of the road" was introduced, it appears to be the general rule that, in the absence of any existing statute or of any proven ordinance to the contrary, "the law of the road does not require a driver to keep to the right in driving along the highway, but applies only to the meeting and passing of traffic." 29 C. J. 651. The case of *Roberts* v. *Phillips, 35 Ga. App.* 743 (134 S. E. 837), was construed as where two automobiles were meeting. Accordingly, since it can not be held that the defendant was negligent merely by reason of the fact that at the time of the accident the left fender of his car projected two or three feet to the left of the center of the road, and since it is shown by the plaintiff's testimony that he was hit almost instantly just as he emerged from between the two parked cars in attempting to cross the street between intersections, it does not appear from the evidence that the injury was brought about by any failure on the defendant's part to exercise ordinary care. I therefore think that the grant of a nonsuit was proper.