31379.   DE GOLIAN *et al. v.* FAULKNER *et al.*

DECIDED FEBRUARY 8, 1947.   REHEARING DENIED MARCH 11, 1947.

*Dunaway, Riley & Howard,* for plaintiffs in error.

*Hewlett & Dennis, T. F. Bowden, Andrews & Nall, Miller & Head,* contra.

BROYLES, C. J. (After stating the foregoing facts.) The only assignment of error argued or insisted upon in the brief of counsel for the plaintiff in error is the one excepting to the overruling of the oral motion, in the nature of a general demurrer, to dismiss the

petition; and that motion was based solely upon the ground that the petition did not state a cause of action against the defendants de Golian and Kidd because its allegations showed that the plaintiff failed to exercise ordinary care for her own protection.

It is well-settled law that questions of negligence, diligence, contributory negligence, proximate cause, and the exercise of ordinary care for one's protection, ordinarily are to be decided by a jury, and a court should not decide them on demurrer, except in plain and indisputable cases. *Southern Cotton Oil Co.* v. *Gladman,* 1 *Ga. App.* 259 (8) (58 S. E. 249) ; *Eubanks* v. *Mullis,* 51 *Ga. App.* 728 (181 S. E. 604; *Howard* v. *Savannah Electric Co.,* 140 *Ga.* 482 (79 S. E. 112). "A pedestrian and a person with an automobile have each the right to use the public highway, but the right of an operator of an automobile upon the highway is not superior to the right of the pedestrian, and it is the duty of each to exercise his right with due regard to the corresponding rights of the other. The driver of an automobile is bound to use reasonable care and to anticipate the presence on the streets of other persons having equal rights with himself to be there; and a pedestrian, when lawfully using the public highways, is not bound to be continually looking and listening to ascertain if auto-cars are approaching, under the penalty that if he fails to do so and is injured it must be conclusively presumed that he was negligent." *O'Dowd* v. *Newnham,* 13 *Ga. App.* 220 (80 S. E. 36) ; *Flowers* v. *Faughnan,* 31 *Ga. App.* 364 (120 S. E. 670) ; *Eubanks* v. *Mullis,* supra. "A pedestrian has a right to use the street, and may cross wherever he wishes, in the absence of a statute to the contrary, without being guilty, for that reason alone . . One who is himself rightfully using the highway or street has a right to the use thereof which is superior to that of one who is violating traffic regulations, and in the absence of knowledge he is not required to anticipate that some other user will unexpectedly violate the law or rule of the road and create a situation of danger. 42 C. J. 901." *Eubanks* v. *Mullis,* supra, pp. 731, 732.

In our opinion, the facts alleged in the petition set forth a cause of action against the defendants de Golian and Kidd; and the overruling of the oral motion to dismiss the petition, on the ground that the allegations showed that the plaintiff had failed to exercise ordinary care for her own protection, was not error.

*Judgment affirmed. MacIntyre and Gardner, JJ., concur.*