The court did not err in overruling the oral motion to dismiss the petition, on the ground that it failed to set out a cause of action against the defendants de Golian and Kidd because its allegations showed that the plaintiff failed to exercise ordinary care for her own protection.
 DECIDED FEBRUARY 8, 1947. REHEARING DENIED MARCH 11, 1947.
Mrs. Clarice Faulkner brought, in Fulton Superior Court, a suit for damages from alleged personal injuries against F. E. de Golian, Mrs. J. C. Kidd Jr., and Suburban Coach Company Inc. The petition alleged: that on August 13, 1945, the plaintiff boarded a bus of the defendant company in downtown Atlanta for the purpose of going to her home on Peachtree Battle Avenue in Fulton County, and paid the required fare; that the bus proceeded out Peachtree Road and onto said avenue, traveling in a westerly direction, and, as the bus approached her home, the plaintiff told its driver that she wanted to leave the bus; thereupon the driver stopped the bus on the north side of said avenue almost in front of her home; that the bus was so stopped that its left-hand side was not more than two or three feet from the center of said avenue, and only a short distance east of the intersection of said avenue and another highway known as Sagamore Drive; that the bus was stopped at a point at which there was no regular designated bus stop; that it was raining heavily, and the driver told the plaintiff to go around the front of the bus so as to go across said avenue from north to south to her home on the south side thereof; that she left the bus at its right front door and, in accordance with the driver's instructions, crossed in front of the bus in a southerly direction; that the driver did not advise her of the automobile driven by the defendant Kidd which was approaching the bus from the rear, and the plaintiff knew nothing of its presence until the moment of impact; that Mrs. Kidd was driving the automobile on said avenue in a westerly direction, and, at the moment that the plaintiff cleared the left front of the bus, she was struck by the right-hand front fender, door, and door handle of Mrs. Kidd's car, which was being driven at a speed of at least 40 miles an hour at that time; that said car knocked the plaintiff about 75 feet, and the car ran on for more than 100 feet after said impact; that at *Page 867 
said time and place said car was being driven by Mrs. Kidd within two or three feet of the left side of said bus; that the bus was being driven by one Pittman, the agent and servant of the defendant bus company, in the course of his employment; that at said time and place there was in effect the following valid ordinance of Fulton County, established in accordance with law: "No person shall operate a motor vehicle on any of the public roads of the county outside of the limits of incorporated municipalities, except on those roads which have heretofore been expressly regulated and restricted by the Commissioners of Roads and Revenue as to speed, at a greater [rate] than 35 miles per hour;" that, at the time and place referred to, the automobile driven by Mrs. Kidd was the property of her father, the defendant de Golian, and that said car was maintained by said father for the comfort, pleasure, and use of the members of his family, including Mrs. Kidd; that, at the time referred to, the car was being used for the convenience, comfort, use, and pleasure of Mrs. Kidd, who was also at said time and place acting as the agent and servant of her father. Therefore, as further alleged, the car was being operated under the family-purpose doctrine, and Mrs. Kidd was the agent and servant of the defendant de Golian in the operation of said automobile at said time and place; and the defendant Kidd, individually and as agent for the defendant de Golians, was negligent in the following particulars: (a) In driving said automobile at said time and place in violation of said ordinance of Fulton County, above set forth; (b) in failing to stop her car, in the manner required by law, not less than five feet from the rear of said passenger-carrying bus, which had stopped for the purpose of discharging a passenger; (c) in failing to exercise ordinary care, due caution and circumspection with regard to the plaintiff and other passengers who might be alighting from said bus; (d) in failing to have her car under immediate control at all times as required by law; (e) in failing to signal by horn or otherwise that she was passing said bus at a high and unlawful rate of speed; (f) in failing to reduce the speed of her car upon approaching Sagamore Drive, the intersecting highway at the point of said accident; (g) in driving said car in a negligent manner too close to the bus, which had just immediately thereto stopped for the purpose of discharging passengers.
The petition also alleged that the defendant Suburban Coach *Page 868 
Company Inc., through its agent and servant, was negligent in the following respects: (a) In stopping its bus upon said highway within less than eight feet from the center line of the highway; (b) in stopping the bus at a place other than a regularly designated bus stop established by said defendant and known to be a bus stop by passing motorists; (c) in instructing the plaintiff to pass in front of his bus, when in the exercise of ordinary care he knew or should have known that her presence would be obscured by the bus; (d) in instructing the plaintiff to pass in front of the bus at a time when he could see in the rear view mirror the presence of the defendant Kidd's automobile approaching from the rear of the bus, and knew that it would likely strike the plaintiff; (e) in failing to provide the plaintiff a safe place to alight by obstructing her view of the defendant Kidd and Kidd's view of the plaintiff; (f) in failing to look out for and give warning of the motorists approaching from the rear.
The petition alleged further that at said time and place the plaintiff was in the exercise of ordinary care and could not avoid the consequence of the defendants' negligence, and that the negligence of the defendants concurred in causing the injuries to the plaintiff; "each of the defendants, therefore, by their joint negligence above set forth being joint tort-feasors contributing to and producing the injuries herein complained of."
The petition set forth in detail the alleged injuries of the plaintiff.
The defendants de Golian and Kidd demurred generally and specially to the petition and also made an oral motion to dismiss the petition, upon the ground that it failed to state a cause of action against said defendants because its allegations showed that the plaintiff failed to exercise ordinary care for her own protection. The court overruled the motion, and that judgment is assigned as error in the bill of exceptions.
The only assignment of error argued or insisted upon in the brief of counsel for the plaintiff in error is the one excepting to the overruling of the oral motion, in the nature of a general demurrer, to dismiss the *Page 869 
petition; and that motion was based solely upon the ground that the petition did not state a cause of action against the defendants de Golian and Kidd because its allegations showed that the plaintiff failed to exercise ordinary care for her own protection.
It is well-settled law that questions of negligence, diligence, contributory negligence, proximate cause, and the exercise of ordinary care for one's protection, ordinarily are to be decided by a jury, and a court should not decide them on demurrer, except in plain and indisputable cases. SouthernCotton Oil Co. v. Gladman, 1 Ga. App. 259 (8) (58 S.E. 249); Eubanks v. Mullis, 51 Ga. App. 728 (181 S.E. 604;Howard v. Savannah Electric Co., 140 Ga. 482
(79 S.E. 112). "A pedestrian and a person with an automobile have each the right to use the public highway, but the right of an operator of an automobile upon the highway is not superior to the right of the pedestrian, and it is the duty of each to exercise his right with due regard to the corresponding rights of the other. The driver of an automobile is bound to use reasonable care and to anticipate the presence on the streets of other persons having equal rights with himself to be there; and a pedestrian, when lawfully using the public highways, is not bound to be continually looking and listening to ascertain if auto-cars are approaching, under the penalty that if he fails to do so and is injured it must be conclusively presumed that he was negligent."O'Dowd v. Newnham, 13 Ga. App. 220 (80 S.E. 36); Flowers
v. Faughnan, 31 Ga. App. 364 (120 S.E. 670); Eubanks v.Mullis, supra. "A pedestrian has a right to use the street, and may cross wherever he wishes, in the absence of a statute to the contrary, without being guilty, for that reason alone . . One who is himself rightfully using the highway or street has a right to the use thereof which is superior to that of one who is violating traffic regulations, and in the absence of knowledge he is not required to anticipate that some other user will unexpectedly violate the law or rule of the road and create a situation of danger. 42 C. J. 901." Eubanks v. Mullis, supra, pp. 731, 732.
In our opinion, the facts alleged in the petition set forth a cause of action against the defendants de Golian and Kidd; and the overruling of the oral motion to dismiss the petition, on the ground that the allegations showed that the plaintiff had failed to exercise ordinary care for her own protection, was not error.
Judgment affirmed. MacIntyre and Gardner, JJ., concur. *Page 870